## The People v. Stephen Shufelt.

61 237
68 479
61 237
99 88

61 237
108 654
108 658

*Criminal law—Adjournments in justice's court—Sickness of prosecuting attorney sufficient cause for—When granted because of absence of witness whose testimony taken in support of the complaint is on file—Unnecessary to further inform respondent or court of facts people expect to prove by such witness—Right to speedy trial—Not invaded by legal adjournments for twenty-one days if respondent at liberty on his own recognizance—Juror—Incompetent if he has an opinion favorable to respondent's guilt which evidence is required to remove—And he fails to testify that he can decide the case according to the law and evidence given on the trial without reference to such opinion—Admits the contrary by testifying that evidence is required to change his mind—Opinion based on rumors which, if unconfirmed by the evidence, will not affect his verdict, does not disqualify.*

1. Respondent was prosecuted for keeping his saloon open on Thanksgiving day. On the adjourned day the prosecuting attorney applied by telephone for a continuance of the case, he being unable to attend by reason of sickness, the conversation over the wire being had with a constable, who communicated it to the justice. A further showing was made of the inability of the constable to subpœna a witness upon whose examination the warrant of arrest was issued. The justice granted the motion, against respondent's objection.

   *Held*, that the prosecuting attorney is the representative of the people, and it is his statutory duty to prosecute offenses under the law in question, and that his sickness, under the circumstances, entitled the people to the adjournment granted, which was not an unreasonable one as to time.

2. Where a respondent was allowed his liberty, on his own recognizance, from the time of his arrest until his trial, a period of twenty-one days, during which time two adjournments were granted on application of the people, on sufficient cause shown, by the justice before whom the case was pending,—

   *Held*, that had respondent been confined in jail there might have been cause for complaint, but under the facts stated, the delay was not unreasonable, nor in violation of his constitutional right to a speedy trial.

3. Where an adjournment of the trial of a criminal case was granted by a justice of the peace, on application of the prosecuting attorney, on account of the absence of a witness who was examined on oath in support of the complaint made in the case, and his testimony reduced to writing and filed with the justice,—

   *Held*, that an objection to the legality of such adjournment on the ground that the court and respondent were not informed of the facts

expected to be. shown by the witness was properly overruled, there being no necessity for such showing.

4. Where a juror testified that he had heard from common report that respondent's saloon was open on Thanksgiving day, and believed it probable that it was so open, and was *then* of that impression, which evidence would change,—

*Held*, that he was incompetent; that he had an opinion favorable to respondent's guilt which it required evidence to remove, and that he failed to testify that he could decide the case without reference to such opinion, according to the law and the evidence given on the trial, but admitted the contrary to be true.

5. A juror testified that he had heard "flying reports" that parties had gone into the respondent's saloon on Thanksgiving day and drank liquor, and *then* believed, if such reports were true, that people did go in and get a drink; but that his information was based upon rumors, and not derived from respondent or the complaining witness, or any particular person he could remember.

*Held*, that the juror had no *fixed* or *positive* belief on the subject, it being based on rumors, the truth of which he did not admit, and which, if unconfirmed by the evidence, would not affect his verdict.

6. Any opinion, impression, or idea in a person's mind .that requires removal before he can enter upon the performance of jury duty as the law requires is fixed and positive enough to disqualify him from sitting as an impartial juror in a case where life or liberty is involved. *People v. Barker*, 60 Mich. 287-8.

Error to Oceana. (Russell, J.) Argued April 21, 1886. Decided April 29, 1866.

Respondent was convicted of keeping his saloon open on Thanksgiving day, and the conviction was affirmed in the circuit court on *certiorari*. Reversed. The facts are stated in the opinion.

*L. G. Rutherford*, for respondent:

The second adjournment was unauthorized, no sufficient showing being made, the statement made by Corbin being hearsay. [The record shows that Constable Corbin was sworn, and testified that he had just talked with the prosecuting attorney by telephone, who stated that he was sick and could not possibly attend the trial; that if the justice would step to the telephone he would have his physician inform him of his condition.—REPORTER.] Respondent was

entitled to a speedy and impartial trial: Const. § 28, Art. 6; Cooley, Const. Lim. (4th ed.) 382 (top paging).

The cause alleged for the third adjournment was insufficient: How. Stat. § 7094; *Stadler v. Moors*, 9 Mich. 268; *Mercer v. Lowell Nat. Bank*, 29 Id. 243–49. A specific showing of the causes, with names of witnesses, the steps taken to procure them, and the facts expected to be proved by them, was required: Cooley, Const. Lim. (4th ed.) 383 (top paging).

The juror Hubbard was disqualified, and to hold otherwise is to reverse the order of proof and compel a respondent to establish his innocence, which is presumed until his guilt is shown, and against which no presumptions can be made: *People v. Lambert*, 5 Mich. 366; Cooley, Const. Lim. (4th ed.) 381 (top paging); and the jury must be indifferent: Id. 395.

Hubbard did not bring himself within How. Stat. § 9564; he did not testify " that he could render an impartial verdict," and if he had, the fact remains that he entered upon the trial with a belief of respondent's guilt. The right to an impartial jury is a constitutional one, which even the Legislature cannot take away: *Stephens v. People*, 38 Mich. 742; *Thomas v. People*, 67 N. Y. 218. The same argument applies to the juror White.

*Moses Taggart*, Attorney General, for the People:

The juror Hubbard testified that he had heard respondent's saloon was open the day in question, and had an impression it was probably open, which he thought would take evidence to remove. Can it be said that he had a fixed and positive opinion within the rules recognized in this State? *Holt v. People*, 13 Mich. 228; *Stewart v. People*, 23 Id. 71–2; *Stephens v. People*, 38 Id. 742; *Ulrich v. People*, 39 Id. 248; *Sullings v. Shakespeare*, 46 Id. 411; *Albrecht v. Walker*, 73 Ill. 69; *Kroer v. People*, 78 Id. 294.

The juror White had also heard "flying rumors," but obtained no information from any particular person, and, if reports were true, believed respondent's saloon was open. The challenge was properly overruled.

MORSE, J. The respondent was convicted before Marcus H. Brooks, a justice of the peace for Oceana county, of having kept his saloon open on the twenty-seventh day of November, 1884, Thanksgiving day, in violation of the liquor law, and sentenced to pay a fine of $50 and the costs of

prosecution, taxed at $37.28, and to confinement in the county jail for the term of 10 days.

The case was taken to the circuit court on *certiorari*, and there affirmed, and now comes into this Court upon writ of error.

Three adjournments were had before the justice prior to the day of trial.

It is contended by the respondent that these adjournments were illegal and unauthorized, and a motion was made by his counsel, in justice's court, to quash the proceedings, and for his discharge, on the ground that the justice, by such illegal adjournments, had lost jurisdiction of the cause.

The respondent was brought into court upon the warrant, December 11, 1884, at which time the cause was adjourned, without objection, until the eighteenth of the same month. Upon that day the respondent and his counsel appeared ready for trial, but the court was informed by telephone that the prosecuting attorney was sick, and could not attend, and desired a further adjournment. It was also shown that the constable had been unable to subpœna a witness, Henry D. Kidder, one of the parties upon whose examination under oath the justice had issued the warrant.

Thereupon, against the objection of the respondent's counsel, the cause was again adjourned until the twenty-fourth day of December, 1884.

We think the cause shown for adjournment a good one. The prosecuting attorney is the representative of the people, and it is made his duty, under the statute, specifically to prosecute offenses under this law, and his sickness, under the circumstances, entitled the people to a reasonable adjournment, and six days was not an unreasonable time.

On the twenty-fourth of December, 1884, the prosecuting attorney appeared and answered, as did also the respondent, both in person and by counsel. The prosecuting attorney moved for a further adjournment upon the return of the subpœna by the constable that the said Henry D. Kidder could not be found, which motion was granted, against respondent's protest, and the cause set down for January 8,

1885, at which time the suit was tried before a jury, and
Kidder sworn as a witness on behalf of the people.

It is claimed that the defendant did not have the speedy
trial guaranteed to him by the constitution, 21 days elapsing
between the first adjourned day and the day of trial, and that
there was no good cause shown for the last adjournment, inas-
much as the court and the respondent were not informed of the
facts expected to be shown by this witness.

From his first appearance in court, up to the day of trial,
the respondent was allowed to go upon his own recognizance,
and was not deprived of his liberty in any degree.

If he had been confined in jail, there might have been
some cause of complaint. As it was, we do not think his
constitutional privilege was violated; and the delay in the
trial was not unreasonable, nor to his disadvantage. The
witness Kidder had been examined on oath at the time the
complaint was made, December 6, 1884, and such examina-
tion reduced to writing by the justice, and was on file with
the other papers in the case, and it was therefore entirely
unnecessary for the prosecution to show what they expected
to prove by him.

There was therefore no error in the action of the justice
overruling the motion to quash the proceedings.

After the jury had been selected in the usual manner in
justices' courts, and the jurors had appeared, three of the six
were excused for good cause shown by the jurors themselves.
Talesmen were then summoned by the constable to complete
the panel. As they were summoned and appeared, eight or
ten were challenged and excused for cause. One juror, Peleg
A. Hubbard, was sworn as to his competency, and testified,
upon examination by respondent's counsel, that he had heard
the respondent's saloon was open on Thanksgiving day, and
believed it probable that it was so open, and was then of
that impression; that he got his information from common
report, and not from the respondent or the complaining wit-
ness. He then was asked by the court if evidence would
change his impression, and answered that it would. The
justice thereupon held that he was an impartial juror, and

allowed him to sit, against the objection of respondent's counsel. Another juror, Albert S. White, testified that he had heard "flying reports" that parties had gone into the saloon on that day and drank liquor, and that "I now believe, if reports are true, that people did go in and get a drink;" that his information was based on rumors; and that he did not get such information from Shufelt or the complaining witness, or from any particular person that he could remember. Respondent's challenge was overruled, and this juror also retained.

The juror Hubbard was not competent. He had an opinion favorable to the guilt of the respondent which required evidence to remove. It may be called an "impression;" but the fact remains that, instead of being a juror indifferent towards the accused, whose mind was free from bias, so that the rule of law that the respondent is to be presumed innocent until the contrary is proven could operate in his investigation of the case, the respondent was forced to submit his case to one who, by the color of his mind, at the outset, reversed this requirement of the law, and demanded testimony to establish his innocence. Instead of a blank surface upon which to write impressions as the evidence was adduced upon the trial, an impression already existed against the respondent which exacted an erasure by testimony before the accused would have at least an even start with the prosecution.

It is contended by the attorney general, in his brief, that this impression of the juror was not the fixed and positive opinion which the statute requires to preclude a person from sitting as a juror in a criminal case. It must be remembered that Hubbard does not say that he can sit, hear, and decide the cause without reference to his impressions, according to the law and the evidence given on the trial; but admits that he cannot do it, when he says that testimony must be given to change his mind. Any opinion, impression, or idea in a person's mind that requires removal before he can enter upon the performance of jury duty as the law requires is certainly fixed and positive enough to debar him from acting as an

impartial juror in a case where life or liberty is involved; and such has been heretofore the opinion of this Court in *Stephens v. People*, 38 Mich. 743. See, also, *People v. Barker*, 60 Id. 287-8.

The juror White was competent. He had no belief that was fixed or positive. If rumors that he had heard were true, then he had an opinion, but he did not admit the truth of the rumors. His examination showed that, if the evidence on the trial should confirm the reports that he had heard in reference to the saloon being open, he would have therefrom an opinion in favor of respondent's guilt; but, if the evidence failed to establish the truth of the rumors, what he had learned outside would not affect his verdict. We think he came within the statute.[1]

The respondent not having had a trial by an impartial jury, the conviction must be reversed. It is not necessary to examine the other errors alleged in the proceedings. The defendant will be discharged.

The other Justices concurred.

---

[1] How. Stat. § 9564.—"The previous formation or expression of opinion or impression, not positive in its character, in reference to the circumstances upon which any criminal prosecution is based, or in reference to the guilt or innocence of the prisoner, or a present opinion or impression in reference thereto, such opinion or impression not being positive in its character, or not being based on personal knowledge of the facts in the case, shall not be a sufficient ground of challenge for principal cause, to any person who is otherwise legally qualified to serve as a juror upon the trial of such action: *Provided*, the person proposed as a juror, who may have formed or expressed, or has such opinion or impression as aforesaid, shall declare on oath, that he verily believes that he can render an impartial verdict according to the evidence submitted to the jury on such trial: *Provided, further*, the court shall be satisfied that the person so proposed as a juror does not entertain such a present opinion as would influence his verdict as a juror."