## George C. McClatchie v. Jehiel V. Durham.

*Joint makers of notes—Waiver of statute of limitations—Suit on the note by one joint maker against the other—Judgment on certiorari.*

A joint maker of a note, who takes it up after maturity, can sue the other joint maker as for money paid to the latter's use, and if his declaration covers the case, it is immaterial that he also declares specially on the note.

A surety on a joint note, whose liability is barred by the statute of limitations, can waive his privilege if he chooses and take up the note and enforce it against his principal, if the latter has kept it alive against himself.

The Supreme Court can render the proper judgment in a case brought to the circuit court on *certiorari* and taken up on error; but if the plaintiff in error has received too favorable a judgment below, and the other party does not complain, it can only affirm the judgment though it may give costs to the defendant in error.

Error to Mason.    Submitted Oct. 7.    Decided Oct. 27.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*Wheeler & Bishop* for plaintiff in error.

*White & McMahon* for defendant in error.

COOLEY, J.   Durham sued McClatchie in justice's court, declaring generally on the common counts in *assumpsit* and on the following promissory note :

"$64.00                    PENTWATER, February 11, 1871.

" For value received I promise to pay to E. Stanhope or bearer the sum of sixty-four dollars on or before the first day of June next.

                              " GEORGE C. McCLATCHIE.
                              " JEHIEL V. DURHAM."

The peculiarity of the claim upon this note is seen to be that defendant was joint maker with plaintiff.   The suit was instituted on the fifth day of July, 1879, so that all remedy upon the note would then have been barred for more than two years but for payments which McClatchie had made upon it, and which had satisfied more than one-half of it.   There was no showing that Durham had anything to do with these payments, and therefore the note could not have been enforced against him by any holder.

On the trial Durham established an account against Mc-Clatchie to the amount of four dollars.   He also showed that he signed the note as surety merely for McClatchie, and that in March, 1878, after the note had ceased to be an obligation against himself, he purchased it, giving his own note for twenty dollars in payment.   The defendant then produced and offered the twenty-dollar note as a set-off.   The justice disallowed the claim of the plaintiff on the first note, on the ground, apparently, that one could not sue on a note of which he was a joint maker.   He then allowed the defendant's set-off, deducting therefrom the account of four dollars, and rendered judgment for the balance in favor of defendant. The plaintiff removed the case by *certiorari* to the circuit court, where the judgment of the justice was reversed.   The defendant then brought the case here.

We do not think the question whether the plaintiff could sue on the note he had signed for McClatchie was a vital one in the case.   He certainly had a right to take up the note, and then to sue McClatchie for the amount paid as money paid to his use.   His declaration was suited to the case, and the fact that he had declared specially on the note was immaterial.   It is true that he may have had a good defense to the note before he purchased it, but he was under no obligation to plead the statute of limitations, and McClatchie could not complain of his paying the note since McClatchie indisputably was still liable upon it.   Plaintiff therefore made out a clear right of recovery for the two sums of four dollars and twenty dollars.   But the defendant by producing and tendering as an offset the note of twenty dollars given in purchase of the other, reduced the amount plaintiff was entitled to recover to four dollars.   For this he should have had judgment.

On *certiorari* the circuit court is required to give judgment " as the right of the matter may appear, without regarding technical omissions, imperfections, or defects in the proceedings before the justice, which did not affect the merits." Comp. L., § 5477.   It should therefore have reversed the judgment the justice had rendered in favor of the defendant, and given one for the plaintiff for the amount he had established.   If Durham had brought the case here we might have given him the proper judgment, but as he does not complain of the judgment in the circuit court, and it was only too favorable to McClatchie, we have only to affirm it.   Durham will recover costs of all the courts.

The other Justices concurred.