John M. Wattles et al. v. Joseph Moss et al.

*Final judgment on certiorari—Evidence prima facie sufficient—Commissioners of deeds.*

On error bringing up a judgment affirmed on certiorari, the Supreme Court will decide as the right of the matter may appear.

Judgment in such a case should not be reversed for error in receiving a deposition where there is proof of the fact deposed to aside from the deposition.

Plaintiffs sued as partners, and a witness on their behalf testified to admissions by defendants sufficient to make out their liability. The witness said nothing respecting the partnership of the plaintiffs, and was not cross-examined as to his knowledge of them. Defendants put in no evidence. *Held*, that a judgment for plaintiff on this evidence should not be disturbed.

*It seems* that non-resident commissioners of deeds, appointed by the Governor to act in other States, are not authorized to take depositions for use in civil cases; and depositions purporting to be taken by virtue of their authority are inadmissible.—By Graves, J.

Error to Lapeer. Submitted April 8. Decided April 13.

Assumpsit. Defendants bring error. Affirmed.

*Geer & Williams* for plaintiff in error.

*Moore & Bentley* for defendants in error. The Supreme Court adjudges on *certiorari* without reference to defects which do not affect the merits: Comp. L. § 5477; *Pew v. Yoare* 12 Mich. 21; *Burnham v. Van Gilder* 34 Mich. 246.

Cooley, J. The defendants in error sued the plaintiffs in error in justice's court and recovered judgment, which was afterwards removed to the circuit court by *certiorari* and there affirmed. It is assigned for error that the justice erred in receiving in evidence a certain deposition which had been taken in New York, the purpose of which was to prove that plaintiffs in that court composed the firm of J.

Moss & Co., in whose favor the claim sued upon appears to have been made.

It may be that the justice erred in receiving the deposition in evidence; but if the plaintiffs were identified as owners of the claim without the aid of the deposition, the judgment ought not to be reversed for that error. We should give judgment as the right of the matter may appear: *Cheney v. Russell* 44 Mich. 620; and the right is entirely plain in this case if the plaintiffs are identified.

We think there is evidence that meets the requirements of the case. Mr. Chittenden, a witness for the plaintiffs, says he learned of a claim belonging to the plaintiffs as being in the hands of defendants, and he was sent to look after it and had conversations with the defendants about it. Their admissions were sufficient to establish their liability. Now there was no cross-examination of this witness to ascertain what his knowledge of the plaintiffs was, but the case on that branch of it was suffered to go by default, while the plaintiffs' witnesses were particular to give full evidence of the acts and admissions of defendants. Surely such a general statement is sufficient *prima facie;* and there was no attempt whatever to disprove it, the defendants refusing to put in any evidence.

The judgment should be affirmed with costs.

MARSTON, C. J. and CAMPBELL, J. concurred.

GRAVES, J. The justice admitted in evidence against the objection of plaintiffs in error the deposition of Joseph Moss; and the principal question is whether the deposition was competent.

It was taken in the city of New York, and the authority to take it is referred to the act of March 29, 1848 (Comp. L., p. 1699) as amended by Act 210 of the Laws of 1879, p. 191. The point of primary importance relates to the competency of the person who took it. He is a commissioner of deeds appointed by the governor of this State under the act of March 19, 1845, which was continued in force and amended by later statutes (Comp. L., pp. 220-222)

and whatever capacity he possessed to conduct the proceeding and certify it depended on the effect of the regulations referred to. On recurring to the last-mentioned provisions it will be seen that they authorize the commissioner to take and certify acknowledgments and proofs of the execution of certain instruments to entitle them to registry.

They also confer power upon him to administer oaths and affirmations to any persons who are willing and desirous to make such oaths or affirmations before him, and they further provide that such affidavits or affirmations shall be as good and effectual, to all intents and purposes, as if taken by any officer authorized to administer oaths resident in this State. No other power is conferred. Nothing is said about taking depositions, and the inference is natural that the Legislature in framing this statute did not contemplate giving to these non-resident commissioners the power to examine witnesses and report the testimony. At that time the expedient of taking depositions as subsequently authorized had not been adopted. The practice in taking testimony beyond the State was by commission. The act of 1848 provided for taking depositions not only within the limits of the State but in other states also; but no notice was taken of these commissioners. They were not made use of as existing agencies qualified to serve in the taking of depositions under the act. It is very certain the Legislature did not recognize them as empowered to officiate in taking testimony. They were looked upon as provided to discharge other duties.

The first purpose of this act of 1848 was to prescribe a method for taking depositions within the State, and it required in every case that the person to act should be a judicial officer. Comp. L. § 5892. In respect to depositions out of the State the provisions were brief and general, and instead of specifying in terms the kinds of officers to conduct the proceeding it was merely declared that the depositions should be taken in the "same manner and under the same regulations, as near as may be, as are prescribed in this act * * for taking depositions of witnesses residing in this State." But it was also provided that in such cases a certificate under the official

seal of the county clerk of the county or of the clerk of the principal court of record for the county or of some other proper county officer should be attached to the deposition, showing the official capacity in which the person acted before whom the deposition was taken. § 5906.

The amending act of 1879 sought to make the regulation more precise in regard to the persons to have authority to act in other States and it provided that depositions might " be taken *by and before any officer authorized by the laws of the place* where the same may be taken *to administer oaths*." But no change was made in regard to the certificate of official capacity, and the showing in that respect is the same now that it always has been. And there is no exception. In every case there must be a certificate, and no one whose official capacity is incapable of being certified by the local certifying officers mentioned, is authorized to act, and if in taking a deposition he is simply an official of this State his capacity cannot be so certified, as he is not one of the class of officers designated and is not competent. But the amending act has introduced a further condition. The person empowered to act must be one who is authorized by the local laws to adminster oaths, and it is obvious enough that no official qualification derived from the laws of this State can embrace that authority.

The validity of depositions depends on the statute. There is no common-law authority for them, and they can have no validity unless they comply substantially with the provisions enacted by the Legislature. Whether a different statute or a different practice would not be better is immaterial. The method prescribed it that which is alone applicable. It seems clear that no one is authorized to take a deposition in another State under the act of 1848 who is not an officer of that State and empowered by its laws to administer oaths, and therefore that a commissioner of deeds under our statute of 1845 is not competent.

The deposition admitted by the justice was hence invalid and its admission was error, and in my judgment this is fatal. The evidence was material and it seems impossible to

say that the result on the facts would have been the same had the deposition been excluded, and I cannot see how the judgment can be supported unless we assume to pass upon the weight of evidence.