## THOMAS R. YOUNG v. ROLLIN E. KELSEY.

*Certiorari—Issue of writ—Conclusiveness of return.*

The return to a writ of *certiorari* must be assumed to be correct.

*Certiorari* is not a writ of right, and can only issue on satisfying the circuit court commissioner or circuit judge that an error has been committed. Comp. L. § 5466.

Where the return to a writ of *certiorari* shows that it was never allowed, a judgment dismissing it will be affirmed without considering whether the plaintiff therein would have been entitled to amend it, or whether he could bring error on the refusal to allow an amendment of it.

Error to Shiawassee. Submitted June 21. Decided June 29.

ASSUMPSIT. Defendant brings error. Affirmed.

*James M. Goodell* for plaintiff in error.

*McBride & Fraser* for defendant in error.

CAMPBELL, J. *Certiorari* having been brought in the circuit court for the county of Shiawassee upon a judgment rendered by the recorder of Corunna, acting as a justice of the peace, the circuit court dismissed it as returnable on Sunday. Plaintiff in *certiorari* brings error.

The writ was clearly irregular, but it is claimed the court should have allowed an amendment. It appears, however, from the return, which we must assume to be correct, that the *certiorari* was never allowed by any one. The writ is never a matter of right, and can only issue upon satisfying the circuit court commissioner, or circuit judge, that there has been an error committed. Comp. L. § 5466. And the court in deciding finally on *certiorari* in such cases is bound to disregard all defects not affecting the merits. § 5477.

This being the case the party could have gained nothing by an amendment if allowed; and we need not consider whether or not such an amendment could be regarded as one which the court could in a *certiorari* case be bound to grant, or whether if so, this is a proper method of objecting to the refusal.

The judgment must be affirmed with costs.

The other Justices concurred.