### ELLA RAWSON v. JOSEPH W. McELVAINE.

*Justice's return to certiorari—Surplusage in verdict*

A justice's return that "the foregoing contains *about* all the testimony" will not justify a review of the evidence by the Supreme Court to see whether it sustained the judgment.

A justice's return to a writ of *certiorari* must be taken as conclusive in matters of evidence even as against the affidavit for the writ.

Where a purchaser of goods has left them with the vendor and the latter recovers judgment for their value, the force of the verdict is not destroyed by the additional direction that plaintiff deliver them to defendant. This merely states the legal consequence of the judgment and may be rejected as surplusage.

Error to Kalamazoo. Submitted June 22. Decided October 11.

ASSUMPSIT. Defendant brings error. Affirmed.

*Howard & Roos* for appellant, urged that it was error to render judgment on the verdict: *Burhans v. Tibbits* 7 How. Pr. 21; *Glass v. Blair* 4 Penn. St. 196; *Patterson v. United States* 2 Wheat. 221; *Moore v. Devol* 14 Iowa 112; *Wallace v. Hilliard* 7 Wis. 627; *Ford v. Ford* 3 Wis. 399.

*Dallas Boudeman* for appellee. When the testimony is not all returned the court will not reverse the judgment; it will be presumed that there was sufficient evidence on all points: *Gaines v. Betts* 2 Doug. (Mich.) 98; *Berry v. Lowe* 10 Mich. 8; *Hyde v. Nelson* 11 Mich. 353; *Welch v. Bagg* 12 Mich. 41; *Parsons v. Dickinson* 23 Mich. 57; *Overpack v. Ruggles* 27 Mich. 65; *Smoke v. Jones* 35 Mich. 409; *M. & P. R. M. Co. v. Morgan* 41 Mich. 296; where the jury find the issue, and something more, the latter part of the finding will be rejected as surplusage: *O'Brien v. Palmer* 49 Ill. 72; *Windham v. Williams* 27 Miss. 313; Hilliard on New Trials p. 107–8, § 19; *Rambo v. Wyatt's Admr.* 32 Ala. 363; *Patterson v. Allen* 50 Tex. 23; surplusage in a verdict which does not clearly show that a jury reasoned incorrectly, or from false premises, does not vitiate it: *Gregory v. Frothingham* 1 Nev. 253; and a court has the power to put a verdict in form, if its meaning and effect is not thereby changed: *Armstrong v. Pierson* 15 Iowa 476; *Corbett v. Gilbert* 24 Ga. 454; *Sleight v. Henning* 12 Mich. 371.

MARSTON, J. This cause was tried in justice's court before a jury, and verdict and judgment rendered thereon in favor of the plaintiff. The cause was removed to the cir-

cuit by *certiorari*, where the judgment of the justice was affirmed. The justice in his return certifies that he is "not able to return all the testimony in the case, as the case was tried by a jury, but that the foregoing is about all the testimony given on the said trial." It is very evident from this return that the evidence cannot be examined for the purpose of determining whether the verdict and judgment could be thereby supported. The weight of the testimony could not in any event be here considered, and but slight omissions in the return might very materially affect and vary the tendency. And we must accept the return upon this matter, even as against the affidavit for the allowance of the writ, as conclusive.

The only other question necessary to be noticed relates to the verdict of the jury. The action was brought to recover the value of a bonnet ordered by the wife of the defendant from the plaintiff. The evidence tended to show an acceptance of the bonnet by Mrs. McElvaine, and that it was permitted to remain in the possession of the plaintiff. The verdict was in favor of the plaintiff, for the value, "and that the plaintiff deliver to the defendant the bonnet." This was no more than a statement of what would legally follow from the verdict rendered and judgment thereon. The bonnet would belong to and was the property of the defendant or his wife; the law would so award, and the jury by so declaring did not thereby destroy the effect of their finding in favor of the plaintiff for the value thereof. This part of the verdict may well be rejected as unnecessary, and that part pertaining to the matter submitted to them be permitted to remain.

The judgment must be affirmed with costs.

The other Justices concurred.