### The People v. John M. Todd.

*Disorderly persons—Minor, proceeded against as such under chapter 51, How. Stat.—For failure to support his wife, etc.—Conviction reversed if his emancipation or ownership of property is not shown—Duty of court to instruct the jury how the "sufficient ability" mentioned in statute is to be shown.*

Where a minor is proceeded against under chapter 51, How. Stat., for refusing to support his wife, and the testimony fails to show his emancipation or that he is the owner of any property, his conviction will be reversed. It is the duty of the court in such a case to instruct the jury *how* the "sufficient ability" mentioned in the statute is to be shown.

Exceptions before judgment from Oakland. (Stickney, J.) Argued April 21, 1886. Decided April 29, 1886.

Respondent was convicted under chapter 51, How. Stat., of being a disorderly person for failing to support his wife. Reversed and respondent discharged. The facts are stated in the opinion.

*J. W. Donovan*, for respondent:

---

Respondent never left his father's home up to the day of his arrest, and in law his father was the owner of his time and services, and without his parents' consent he was not entitled to his time: *White v. Henry*, 24 Me. 531; *Burr v. Wilson*, 18 Tex. 367.

Fathers have vested rights in such cases: 2 Kent's Com. 194; and this rule needs no authority to support it: it is settled.

An infant is not liable for a breach of contract to marry: *Frost v. Vought*, 37 Mich. 65; *Hunt v. Peake*, 5 Cow. 475; *Hamilton v. Lomox*, 26 Barb. 615; nor can be bind himself as an apprentice: *Handy v. Brown*, 1 Cranch, 610.

The right to recover for infants' services remains in the father: *Dufield v. Cross*, 12 Ill. 397; *Lufkin v. Mayall*, 25 N. H. 82; *Whitmarsh v. Hall*, 3 Den. 375.

Infants are not bound by contracts of services: *Judkins v. Walker*, 17 Me. 38; *Hoxie v. Lincoln*, 25 Vt. 206.

The marriage of an infant, with the *consent* of his father, will give him a right to apply his earnings to the support of his family: *Taunton v. Plymouth*, 15 Mass. 203; and in order to recover wages he must be emancipated: *Stiles v. Granville*, 6 Cush. 458.

*Moses Taggart*, Attorney General, for the People:

Marriage emancipates a minor: How. Stat. § 1787; and this is true independent of the statute cited: *Bradford v. Lunenburgh*, 5 Vt. 481; *Sherburne v. Hartland*, 37 Id. 528; Schouler, Domes. Rel. 370; *Burr v. Wilson*, 19 Tex. 367.

The effect of emancipation is to give the child the right to his own wages, the disposal of his own time, and the control of his own person: Schouler, Domes. Rel. 371; *Corey v. Corey*, 19 Pick. 29; *Sherburne v. Hartland*, 37 Vt. 528.

The parent's right to his child's earnings is based upon his obligation to provide for its support, and when relieved from this obligation strong reasons exist, aside from public policy, for giving the child his earnings for the support of himself and family, which duty is well defined in law. When the statutes have made one competent to contract marriage it is unreasonable to say that he can avoid its responsibilities. Public policy demands this construction, otherwise we might have the spectacle of a legal marriage, with the head of the family stripped of all means for its support by the demands of his father.

An unwilling marriage to secure release from a prosecution for bastardy does not release from liability to support

although the husband was assured that he would be relieved from such duty: *State v. Ransell*, 41 Conn. 433; and the plea of infancy is no defense, as the minor is liable the same as an adult: *Cantine v. Phillips*, 5 Har. (Del.) 428; *Cole v. Seeley*, 25 Vt. 220; Schouler, Domes. Rel. 69, 87; *Roach v. Cosine*, 9 Wend. 228; *Butler v. Breck*, 7 Metc. 164.

It is insisted that the court should have instructed the jury that there was no evidence to show the ability of defendant to support his wife, or that she was a burden on the public. There is nothing in the record showing that it contains *all* of the testimony on any point certified to the court, and in its absence the presumption is that the charge was warranted by the testimony in the case: *People v. Cline*, 44 Mich. 294.

CAMPBELL, C. J. Todd, who was a minor, was prosecuted criminally for not supporting his wife, and making her a public burden, while he was of sufficient ability. On the trial the case, upon its important bearings, rested on the wife's testimony, objected to as incompetent. Respondent claimed the marriage void for duress, and relied upon other defenses.

As the main controversy appears to be the subject of a suit pending to avoid the marriage, we do not think it desirable to consider any unnecessary questions.

Upon a careful scrutiny of the testimony we discover no legal testimony tending to show that respondent was emancipated, or that he owned any property. This is a fatal defect, and the attention of the court below was called to it. The charge required the jury not to convict if respondent was not of sufficient ability, but failed to point out how such ability must be shown in the case of a minor, and charges on the subject of the right of a minor to his wages were refused.

As there was no testimony for the jury on one of the main points in the case, and respondent was entitled to an acquittal, it must be certified to the circuit court for Oakland county that no judgment should be rendered on the verdict, and that respondent be discharged.

CHAMPLIN and SHERWOOD, JJ., concurred. MORSE, J., did not sit.