THE PEOPLE v. CHRISTIAN HUX.

68    477
139   ¹627

*Criminal law—Justices of the peace—Adjournment—Return to circuit court.*

1. The return of a justice of the peace to an appeal in a criminal case, that the respondent was present when the verdict was rendered, is conclusive.

2. An adjournment of the trial of a criminal case for more than one week, on the application of the respondent and by consent of the prosecuting attorney, will not oust the justice of jurisdiction.

Error to Shiawassee. (Newton, J.) Argued January 26, 1888. Decided February 2, 1888.

Respondent was convicted of furnishing spirituous liquor to an intoxicated person. Conviction affirmed. The facts are stated in the opinion.

*Willard J. Turner* (*Jerome W. Turner,* of counsel), for respondent.

*Moses Taggart,* Attorney General, and *S. F. Smith,* prosecuting attorney, for the People.

LONG, J. The proceedings in this case were commenced in justice's court, in which the respondent was charged, under section 2271, How. Stat., with having sold and furnished to one Henry L. Brayton, certain spirituous and intoxicating liquors, he, the said Henry L. Brayton, being then and there an intoxicated person, etc.

Warrant was issued on the eighth day of July, 1887, and respondent apprehended and brought before the court on that day. The charges in the warrant were read to him by the court, and respondent pleaded not guilty. Respondent then moved the court for an adjournment, and stated to the

court that he was compelled to be absent on business for a week, and could not be present for trial within six days, and on motion of respondent, the prosecuting attorney of the county consenting thereto, the cause was adjourned to the eighteenth day of July, 1887, at 10 o'clock, A. M.; the respondent entering into a recognizance in the sum of $100, with sureties, for his appearance on that day.

On the eighteenth day of July, 1887, respondent appeared before the court with his attorney, W. J. Turner, and asked leave to withdraw his plea, which motion was granted, and then moved the court that he be discharged, on the ground that the justice had lost jurisdiction by reason of the adjournment being for more than one week. The court overruled the motion, and the cause proceeded to trial on that day before a jury, who found the respondent guilty as charged, and the court adjudged him to pay a fine of $50 and costs of prosecution (ascertained by the court at $17.91), within six hours, and in default of such payment to be imprisoned in the common jail of Shiawassee county for the period of 60 days.

The cause was removed to the circuit court for the county of Shiawassee by *certiorari,* the grounds of error alleged in the affidavit for such writ being—

"1. That he, the said justice, erred in overruling the motion of defendant's attorney, that he had no jurisdiction in said cause.

"2. That the said justice erred in overruling the motion of defendant's attorney in arrest of judgment on the ground that said defendant was not present at the time said jury rendered the verdict of guilty."

On the hearing in the circuit court, before his honor, Judge Newton, the conviction was affirmed, and the respondent brings the case to this Court by writ of error.

An examination of the record shows that the error assigned upon the ruling of the justice, upon the question that the respondent was not present at the time the jury rendered their verdict of guilty, is not sustained by the facts. The

return shows that the respondent was present at that time, and such return is conclusive. *Rawson v. McElvaine,* 49 Mich. 194 (13 N. W. Rep. 513); *People v. Hobson,* 48 Id. 28 (11 N. W. Rep. 771); *Young v. Kelsey,* 46 Id. 414 (9 N. W. Rep. 453); *Galloway v. Corbitt,* 52 Id. 460 (18 N. W. Rep. 218).

The only question for our consideration is whether, by the adjournment of the cause on the application of the respondent, and by consent of the prosecuting attorney, from the eighth to the eighteenth day of July, the justice lost jurisdiction.

How. Stat. § 7094, provides that—

" The justice shall proceed to hear, try, and determine the cause within one week after the return of the same [the warrant], unless the absence of witnesses from the county, * * * or the sickness of witnesses or of the accused, shall render a continuance of such cause necessary; in which case it shall and may be competent for the justice to adjourn or continue the same for such time as may be necessary to secure the ends of justice, not exceeding thirty days in all."

In *People v. Shufelt,* 61 Mich. 237 (28 N. W. Rep. 79), this Court held that an adjournment of that case before the justice beyond one week, on the ground that the prosecuting attorney of the county was sick, and unable to proceed with the trial, though not one of the causes especially enumerated in the statute, did not deprive the justice of jurisdiction. In this case the respondent himself makes application for the adjournment, and, the prosecuting attorney consenting, the cause is adjourned 10 days. Any adjournment of the cause for one of the causes enumerated in the statute, or "to secure the ends of justice," not exceeding 30 days in all, would not oust the justice of jurisdiction; and where the respondent makes the application and procures the adjournment himself, and the prosecuting attorney consents to such adjournment, the respondent will not be heard to complain where the adjournment is for a less period than 30 days, for what could have

been done on motion and showing can always be done by consent.

The judgment is affirmed.

The other Justices concurred.