PEOPLE *v.* PARSONS.

1. CRIMINAL LAW — JUSTICES OF THE PEACE — ADJOURNMENTS — CONSENT OF RESPONDENT.

Although 1 Comp. Laws, § 1021, requires, in criminal prosecutions before justices of the peace, that the cause be tried within 30 days, in order that the accused may have a speedy trial, an adjournment for more than 30 days, on the application of the respondent and upon a sufficient showing, does not oust the justice of jurisdiction, whether or not the prosecuting attorney consents.

2. SAME—CRIMINAL SLANDER—WORDS IMPUTING WANT OF CHASTITY.

To charge that the employer of an unmarried woman got himself into a scrape by borrowing instruments of a physician and committing an abortion on her, imputes a want of chastity to her.

3. Same—Information—Averments.

A statement of such language in the information sufficiently charges an offense, without negativing the possibility that she might have been recently divorced, and the averment that she was an unmarried woman was sufficient to negative the idea that she became lawfully pregnant. 3 Comp. Laws, § 11762.

4. Same—Trial—Falsity of Slander.

It was immaterial that no evidence of the falsity of the slanderous words was introduced on the first trial before a justice's jury, which disagreed, where the prosecutor offered sufficient evidence of the untruth of the words upon a second trial before the justice without a jury.

5. Same—Justices of the Peace—Docket Entries.

Irregularities in the docket entries of a justice of the peace, in a prosecution for slander, not affecting the merits of the case and consisting of an omission to note an adjournment in the justice's docket, to enter the plea of the accused, and to enter the offense charged by the complaint, do not justify discharging the respondent on certiorari, where the defects are supplied by averments of the application for certiorari and the respondent had a fair trial and was justly convicted.

6. Same—Sentence.

A judgment of the justice that respondent "should pay a fine of $50 and costs," sufficiently requires payment forthwith.

Error to Eaton; Smith, J. Submitted October 21, 1910. (Docket No. 150.) Decided November 11, 1910. Rehearing denied February 1, 1911.

Romeyn C. Parsons was convicted before a justice of the peace of criminal slander. The conviction was affirmed on certiorari to the circuit court. Affirmed.

*Lawton T. Hemans* (*Tuttle, McArthur & Dunnebacke*, of counsel), for appellant.

*R. R. McPeek*, Prosecuting Attorney, and *Franz C. Kuhn*, Attorney General, for the people.

Blair, J. On February 12, 1909, complaint was made by a young woman before a justice of the peace charging respondent with imputing to her a want of chastity. A warrant was issued, respondent brought before the mag-

istrate, an examination demanded, and the cause adjourned to March 13th; the justice treating the case as not within his jurisdiction to try. On March 13th the respondent was discharged upon the complaint of February 12, 1909, and a new complaint and warrant was issued and the respondent brought before the court, whereupon an adjournment of the case was taken to April 1, 1909. Respondent was required to, and did, furnish bail in the sum of $1,000 for his subsequent appearance. On April 1, 1909, respondent appeared in person and by attorney, and made and filed a written motion asking an adjournment of the case to enable him to procure witnesses and to obtain the assistance of counsel to try the case. The case was thereupon adjourned to April 2d. On April 2, 1909, respondent made and filed a further showing for a continuance, and in his second motion asked:

"That the above-entitled cause may be adjourned for a period of four days or thereabouts, or such other time as shall enable him to prepare for the defense of said cause, for the reasons set forth in the affidavit hereto annexed."

The case was adjourned to April 29th; respondent and his counsel stating in response to an inquiry from the justice that such adjournment was satisfactory to them. The case was tried by a jury, who finally disagreed. Before the jury was sworn, respondent filed a motion asking for his discharge, upon numerous grounds, among which were that the complaint and warrant charged no offense known to the laws of this State, and that the court had lost jurisdiction to proceed with the case because the case had been illegally adjourned. This motion was overruled.

At the beginning of the trial, respondent's counsel objected to the introduction of evidence in the case for the reason that the court had no jurisdiction to proceed with the trial because of such illegal adjournment. At the conclusion of the trial, a motion to discharge respondent for the reason that no offense was charged against him, and that the court had lost jurisdiction by reason of the

illegal adjournment, was made and overruled.   The jury having disagreed upon the first trial, the respondent again appeared in court on April 30, 1909, and filed another motion asking for his discharge upon the grounds, among others, that the complaint and warrant charged no offense and that the court had lost jurisdiction by reason of such illegal adjournment.   Respondent was thereupon again placed upon trial, whereupon he filed a written waiver of jury, and asked that the case be tried before the justice.   The case was thereupon tried before the court, the respondent submitting no proofs in his defense; whereupon the court found respondent guilty, and adjourned the case to May 5, 1909, at which time respondent was required to appear for sentence.   On May 5, 1909, respondent appeared, and sentence was imposed upon him by the justice in the following language:

"The court did thereupon adjudge and determine that the said respondent should pay a fine of $50 and costs of prosecution, taxed at $24.50."

The cause was thereupon removed to the circuit court for the county of Eaton, by certiorari.   The circuit judge affirmed the judgment of the justice and entered an order, mandatory in form, that the respondent pay to the clerk of the circuit court for the county of Eaton the sum specified in the sentence of the court below, namely, a fine of $50 and costs of prosecution, taxed at $24.50.   The circuit judge having affirmed the judgment of the justice, the case was brought to this court upon writ of error.

Respondent asks that the judgment be reversed, and that he be discharged, for the reasons:

(1) That the justice lost jurisdiction in adjourning the case more than 30 days.

(2) The complaint and warrant charge no offense known to the law.

(3) That there was no evidence submitted upon either the first or second trials before the justice that the things alleged to have been said by respondent were false in fact.

(4) The insufficiency of the justice's docket.

(5) The sentence imposed is uncertain and indefinite.

1. Section 1021, 1 Comp. Laws, provides as follows:

" On the return of the warrant, with the accused, the said justice shall proceed to hear, try and determine the cause within one week after the return of the same, unless the absence of witnesses from the county without the fault or connivance of the party seeking such continuance shall render such continuance necessary, or unless the sickness of witnesses or of the accused shall render a continuance of such cause necessary; in which case it shall and may be competent for the justice to adjourn or continue. the same for such time as may be necessary to secure the ends of justice, not exceeding thirty days in all: *Provided,* that in case of the absence of witnesses the party seeking to obtain a continuance for that cause shall further show to the satisfaction of the court that he has used due diligence to obtain the testimony of such witness."

A strict construction of this section would require that the accused be tried within one week unless one of the grounds for continuance specified in the statute were shown, and the case could no more be continued beyond one week without the statutory showing than it could be continued beyond 30 days in all with the statutory showing. Nevertheless, this court held, in *People* v. *Shufelt,* 61 Mich. 237 (28 N. W. 79), that the case might be continued beyond the week upon a showing of the sickness of the prosecuting attorney, which is not a statutory ground for continuance. In *People* v. *Hux,* 68 Mich. 477 (36 N. W. 229), it was held that an adjournment for more than one week, upon the application of the respondent, and with the consent of the prosecuting attorney, did not oust the justice of jurisdiction. To the same effect, see *People* v. *Weeks,* 99 Mich. 86 (57 N. W. 1091). It is said, *obiter,* in *People* v. *Hux, supra:*

" The respondent will not be heard to complain where the adjournment is for a less period than 30 days, for what could have been done on motion and showing can always be done by consent."

See, also, *Troy* v. *Rodgers*, 162 Mich. 28 (127 N. W. 31). The decisions cited show clearly that this court has not applied a strict construction to this statute, but has construed it to authorize adjournments, *against the objection of the accused*, where such adjournments, like those specified in the statute, were necessary to promote the interests of justice. This statute was enacted to secure to accused persons that right to a speedy trial which is guaranteed to them by the Constitution, and it would be a harsh construction which should turn this shield for their protection into a sword for their destruction. We are satisfied that a proper construction of this section permits of adjournments beyond 30 days, where such adjournments are granted upon application of the accused upon a sufficient showing, whether with or without the consent of the prosecuting attorney. See, for a discussion of this subject, the note to *In re Begerow*, 133 Cal. 349 (65 Pac. 828, 85 Am. St. Rep. 187).

2. The complaint charges that respondent imputed a want of chastity to the complaining witness, an unmarried woman, by charging that her employer had got himself into a nice scrape; that he had borrowed a doctor's instruments and committed abortion on her; and that she demanded $15,000, and his wife had kicked him out of doors, etc. A statement of the charge obviates the necessity for discussion. The language is to be construed as those to whom it was spoken would naturally understand it, and clearly imputed a want of chastity. We are not inclined to indulge in sophistical conjectures that the complaining witness might have been a recently divorced woman. The averment that she was an unmarried woman negatived the idea that she had become lawfully pregnant.

3. What was proved on the trial before the jury is of no consequence, since the jury disagreed, and on the trial before the justice there was proof of the falsity of the charge by the testimony of the complaining witness to that effect.

4. The docket is quite irregular, and some of the things

which should have been entered there were not, in fact, recorded until after the affidavit for the writ was served. It appears, however, from the affidavit for the writ of certiorari and from the return, that the proceedings required by law to authorize a conviction were actually had, and that respondent was regularly and legally convicted; the only flaw in the proceedings is the failure of the magistrate to properly minute all of the proceedings in his docket. The question before us then is: Shall a person who has been regularly convicted of crime be discharged and justice be cheated of her dues because, forsooth, the magistrate has failed in some particulars to properly record the details of the proceedings? Although the docket showed no plea by respondent, it is clear that there was a plea of not guilty, and he went to trial before the jury and the justice without objection on this ground. In the same way, one of the adjournments was not noted, but it was actually ordered, and respondent appeared on the adjourned day. Also, the docket described the offense by referring to the complaint, when, perhaps, it should have been entered briefly upon the docket. The omissions and defects complained of in no way affected the merits of the case, nor did they interfere in any way with the defendant's rights. He had a fair and impartial trial, and the evidence was conclusive of his guilt. Under such circumstances, we regard it as our duty, enjoined by statute, "to give judgment in the cause as the right of the matter may appear, without regarding technical omissions, imperfections or defects in the proceedings before the justice which did not affect the merits."

5. We think the judgment was sufficient and required the payment of the fine and costs forthwith. There was no substantial difference between this and the judgment entered in the circuit court.

The judgment is affirmed.

HOOKER, MOORE, MCALVAY, and BROOKE, JJ., concurred.