SCHOOL DISTRICT NO. 3 OF CHESTER TOWNSHIP
*v.* GREEN.

1. SCHOOLS AND SCHOOL DISTRICTS—STATUTES—ALTERATIONS.
    Under the provisions of sections 4646, 4653, 4654, 4657, 2
    Comp. Laws (2 Comp. Laws 1915, §§ 5648, 5655, 5656,
    5659), which apply to the alteration of school districts,
    and create a right of appeal from the determination of the
    township board, detaching property from one district and
    attaching it to another, in behalf of taxpaying electors
    who have taxable property within the school district to
    which the property is attached, the status of the taxpayer
    is changed by enlarging the district so as to include more
    property, and it authorizes those so affected to appeal.

2. CERTIORARI—RELIEF—APPEAL AND ERROR—SCHOOL DISTRICTS.
    Under 1 Comp. Laws, § 948 (3 Comp. Laws 1915, § 14434,
    note), the court is required to give judgment as the very
    right may appear without regarding technical omissions,
    imperfections or defects in the proceedings below, and
    so the appellate tribunal will not refuse to affirm the
    judgment of the circuit court on certiorari to review the
    action of the town board in detaching property from one
    district and adding it to another because two acres were
    erroneously included, no question as to the correct de-
    scription having been raised before the board.

Error to Eaton; Smith, J.   Submitted April 8 1915.
(Docket No. 21.)   Decided March 30, 1916.

Certiorari by School District No. 3 of Chester Town-
ship against Cynthia A. Green and Harry H. Partlow,
as a board of appeals, to review the action of said
board in decreeing the transfer of certain lands from
plaintiff school district to another school district.
Judgment for defendants.   Plaintiff brings error.   Af-
firmed.

*Elmer N. Peters,* for appellant.
*Russell R. McPeek,* for appellees.

MOORE, J. Some time previous to the 22d day of
April, 1913, Fred King, a freeholder of school district
No. 3 of the township of Chester, petitioned the town-
ship board of Chester township to have certain prop-
erty owned by him detached from said district and at-
tached to school district No. 10 of the township of
Roxand, both townships being in Eaton county. On
the 22d day of April, 1913, the township clerk of Ches-
ter township gave the requisite legal notice, calling a
joint meeting of the township boards of the two town-
ships to be held on the 20th day of May, for the pur-
pose of considering the petition of Mr. King. In this
notice the land was described as the northwest frac-
tional quarter of section 1, township 3 N., range 5 W.,
excepting the east 40 acres; also excepting a parcel
commencing at the northwest corner of said northwest
fractional quarter, running south 82 rods, east 16 rods;
north 40 rods, west 8 rods; north 42 rods; thence west
8 rods to the place of beginning; also excepting a par-
cel commencing 8 rods east of the northwest corner
on section 1, thence south 42 rods; east 8 rods; north
42 rods to the section line; thence west along the sec-
tion line to the place of beginning. At the meeting
of the joint boards of the two townships the members
of the board proceeded to vote upon the question, which
vote resulted in a tie. The next step in the proceedings
was an appeal to the defendants in this action as the
statutory board of appeals, Cynthia A. Green being
the county commissioner of schools for the county of
Eaton, and Harry H. Partlow being one of the circuit
court commissioners of said county. This appeal was
filed on the 24th day of June, 1913, it being signed by
six persons, three of whom were not taxpaying electors
having taxable property within district No. 3 in the
township of Chester, but were taxpaying electors hav-
ing taxable property in district No. 10 of Roxand town-
ship. In this notice of appeal the lands described were

the same as the description contained in the notice of the joint meeting of the township boards, except that the description of the lands in said appeal included a parcel commencing 8 rods east of the northwest corner of section 1, township 3 N., range 5 W.; thence south 42 rods, east 8 rods, north 42 rods to the section line; thence west along the section line to the place of beginning. This last description of land belonged to Charles D. Huber, who is the treasurer of school district No. 3 and constituted a part of his home. On the 28th day of June, 1913, the defendants served upon the township clerk of Chester and Roxand townships statutory notice of the hearing on said appeal, the time and place fixed for said hearing being the 12th day of July, 1913, at the office of the county commissioner of schools, and at the time and place fixed proceeded to hear said appeal, and later rendered their decision that the lands described in said claim of appeal should be transferred from district No. 3 of Chester township into district No. 10 of Roxand township. To review this action of the defendants as such board of appeals, the plaintiff school district procured from the circuit court a writ of certiorari. The certiorari proceedings were heard, and the circuit judge decided that none of the objections of the appellant were fatal to the proceedings; that the lands of Dr. Huber were detached from school district No. 3 and attached to school district No. 10; that these lands were first included in the proceedings in the claim of appeal; that they were included by mistake; that the defendants did not consider Dr. Huber or any land he might own; that he as a citizen or as a landowner was never thought of; that the defendants had no authority over Dr. Huber or his land, and that the including of his land in their decree or order was of no force whatever as against him or his lands; and that he, not being a party to the suit, can in no way be bound by the action

of the board in including his land in the decree or order as made. The court was further of the opinion that, as to the King lands, they being directly involved, the action of the board should not be set aside because of the inadvertent action of the board in including in its order the Huber land. The court thereupon entered a judgment, in which the order and decision of the defendants was affirmed, and that said order be held as not affecting or applying to any lands described as belonging to Charles D. Huber and dismissing the writ of certiorari. From this judgment and decision the appellant brings this case to this court by writ of error.

We quote from the brief of the appellant:

"For the purpose of argument, the questions will be presented under three heads:

"(1) Whether any person had any right of appeal from the action of the joint boards of the townships of Chester and Roxand at their meeting held on the 20th day of May, 1913.

"(2) If there was such right of appeal, whether taxpaying electors of district No. 10 of Roxand had such right of appeal.

"(3) In case there was a right of appeal, and in case, further, that the appeal was properly perfected, what is the effect of the error in including the land of Dr. Huber in the notice of appeal, and in the order and decision of the board of appeals."

1. It is argued that the statute, while authorizing an appeal from a decision of the township board with reference to the formation or any revision or consolidation of said school districts, does not give the right to appeal from any action, order, or decision, with reference to the alteration of a school district, by detaching property from one district and attaching it to another. The statutory provisions relating to the instant case are found in 2 Comp. Laws, § 4646 *et seq.* (2 Comp. Laws 1915, § 5648 *et seq.*). The chapter is entitled "Formation, Alteration, Meetings and Powers

of Districts," and in its terms provides for the different ways of altering districts (sections 1, 8, 9, 12). Without stopping to quote these provisions, as they are so easily accessible, we content ourselves with saying they apply to alterations of school districts.

2. Under this head counsel contend (we again quote from the brief):

"It appears from the affidavit for the writ of certiorari and the admission and answer of the respondent that Henry King, Orley Maxson, and E. B. Arnold, three of the six appellants, were not taxpaying electors having taxable property within school district No. 3 of Chester township, but they were taxpaying electors having taxable property within school district No. 10 of Roxand. It is the contention of the appellant that the statute authorizing appeals from the decisions, orders, and actions of township boards in these matters does not give the three parties above named the right to join in an appeal. The action of the township boards in this instance could not, in any way, aggrieve these three parties, and their rights could not, by any possible means, be affected by the failure of the township board to grant the original petition. This failure to grant the prayer of the petition took nothing from these three appellants, neither did it add anything to their burden. The inaction of the board rendered the proceedings, so far as these appellants are concerned, a matter of no importance whatever. Their status as citizens and taxpayers was in no way changed. They were no more affected by the procedure than they would have been had they lived in any other school district in their township. It is quite clear that the legislature never intended to give such party the right to appeal."

There is nothing in the statute sustaining this contention, and counsel cite no case. We cannot agree with counsel that the status of the taxpayer would not be changed by having the district enlarged by taking in more property.

3. Counsel contend that the inclusion of the two acres of land owned by Dr. Huber was so harmful that

the writ of certiorari should not have been dismissed. The return to the writ discloses that in the claim of appeal, and also in the decision of the board of appeals, there were included something like two acres of land belonging to Dr. Huber which were not included in the notice of the joint meeting of the township boards; that no question as to the correctness of the description, or as to the fact that it included other than the King lands, was raised at the public hearing, attended by the director of district No. 3 of Chester and the four members of the Chester township board, who at the time opposed the transfer asked in the petition; that the board's attention was never called to the error before filing its decision; that the board supposed, at all times prior to the service of the writ of certiorari, that all of the lands described in the claim of appeal belonged to Fred and J. A. King, and that if the lands described as belonging to Dr. Huber did not belong to the Kings, their inclusion in the order of transfer was due solely to the error of their being included in the claim of appeal, and that it was not the intention of the board of appeals to transfer any other lands than those of Fred and J. A. King. The judge found the return to be true. The statute providing for review of certiorari is as follows:

"The court shall proceed to give judgment in the cause as the right of the matter may appear, without regarding technical omissions, imperfections or defects in the proceedings before the justice, which did not affect the merits; and may affirm or reverse the judgment, in whole or in part, and execution shall issue thereon, as upon other judgments rendered in the circuit or district court." Section 948, 1 Comp. Laws (3 Comp. Laws 1915, § 14434, note).

See, also, 4 Enc. Pl. & Pr. p. 302; *McClatchie* v. *Durham*, 44 Mich. 435 (7 N. W. 76); *Wattles* v. *Moss*, 46 Mich. 52 (8 N. W. 567); *Gray* v. *Wilcox*, 56 Mich. 58

(22 N. W. 109) ; *People* v. *Parsons,* 163 Mich. 329 (128 N. W. 225).

We do not think any injustice was done by the circuit judge.

Judgment is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, and BROOKE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.