CHICAGO & CANADA SOUTHERN R'Y CO. v. CHARLES PETERS.

*Certiorari—Assignment of error—Account stated.*

A judgment should be reversed if any substantial part of the cause of action is unsupported by proof.

Where a justice certifies that his return to a writ of certiorari contains all the testimony, the question whether any substantial part of the cause of action is unsupported by proof is sufficiently raised by assigning error on the affirmance of the judgment.

An account stated cannot be based on an appraisal where it does not appear that both parties mutually agreed on the appraisers, or recognized them as authorized to bind them by their action.

Error to Monroe.   Submitted Jan. 28.   Decided April 13.

ASSUMPSIT.   Defendant brings error.   Reversed.

*Frank H. Culver* for plaintiff in error.

*C. A. & J. A. Stacy* for defendant in error.

GRAVES, J.    Peters having recovered before a justice of the peace in a suit brought on an account stated and the judgment having been affirmed on *certiorari* the company has brought error.    The point of primary importance under the objections taken is whether any substantial part of the cause of action was wholly destitute of proof.    Because if such was the case the judgment has no foundation and should be reversed.    *Cicotte v. Morse* 8 Mich. 424.    The question is fairly presented by the record, because the justice certifies that his return contains all the testimony.    The evidence tended to show that some person drawing ties to the railway left the fence down and that several sheep belonging to Peters passed through and were killed by a train on the company's road.    There was likewise evidence that three persons appraised the value of the sheep.    No proof was given to fix negligence on either party.

The theory on which the judgment is supported is that the persons who agreed upon the value were appointed by the parties for that purpose and were in fact arbitrators, and that their finding was the act of the parties.    It is a sufficient reply to this idea to say that the record does not bear it out.    There is no evidence whatever that the railway company became a party to the proceedings to ascertain the value of the sheep.    There is not a scintilla of proof that it took any part in the choice of the persons spoken of as appraisers, or in any way recognized them as authorized to bind it by anything they might do.    For all that appears they acted solely at the instance of Peters and not at all in character of umpires mutually agreed on.    The case therefore fails on the only ground attempted to be urged in its defence.

The judgment below must be reversed and the company will recover its costs in all the courts.

The other Justices concurred.