THE ERIE PRESERVING COMPANY v. WILLIAM W. WITHER-
SPOON AND EDWARD E. KANE.

*Conversion—Attachment of converted goods—Certiorari—Irregularities.*

The objection that the case had been illegally adjourned in justice's court is unavailable if not taken before the trial.

Conversion is not excused by the subsequent taking of the property from defendants on an attachment against the plaintiff; though its appropriation to plaintiff's use may sometimes go in mitigation of damages.

Where, in an action of trover, a plea *puis darrein* that the property has been taken from defendants on an attachment against the plaintiff, does not aver that the attachment suit has been disposed of or the property applied to plaintiff's use, it will not sustain the introduction of the attachment proceedings in evidence.

Certiorari will lie to review the errors of a justice of the peace where they go to the foundation of the action, but not where they are merely technical and may be obviated on a new trial; the writ is meant to give a speedy and inexpensive remedy for substantial faults.

Where a case before a justice is to be determined on disputed facts the party dissatisfied with the judgment should remove it to the circuit court for trial on the facts, instead of seeking a reversal on technical grounds without investigating the merits.

It is not the policy of the law to encourage a choice of remedies that tends to multiply litigation and make judgments depend on something else than a consideration of the real merits in controversy.

Error to Wayne.    Submitted Oct. 6.    Decided Oct. 31.

TROVER.    Plaintiff brings error.    Reversed.

*George W. Bates* for appellant.    A plea *puis darrein* to an action of trover that the property converted had since been taken upon an attachment, from defendants, is bad if it does not appear, either by the plea or the proofs, that the property attached has been sold and actually applied to the payment of the plaintiff's debt (*Northrup v. McGill* 27 Mich. 234; *Dalton v. Laudahn* 27 Mich. 529; *Bringard v.*

*Stellwagen* 41 Mich. 57; *East v. Pace* 57 Ala. 521) by special agreement or by operation of law, as by levy and sale under legal process: *Curtis v. Ward* 20 Conn. 207; *Pierce v. Benjamin* 14 Pick. 361; *Higgins v. Whitney* 24 Wend. 379; *Otis v. Jones* 21 Wend. 394; *Hanmer v. Wilsey* 17 Wend. 91.

*Edward E. Kane* for appellees. Defendant in trover may show that the property said to be converted was subsequent to the alleged conversion taken away from him without his agency upon legal process, to be applied upon the plaintiff's just indebtedness: *Irish v. Cloyes* 8 Vt. 30; *Stewart v. Martin* 16 Vt. 402; *Stow v. Yarnwood* 14 Ill. 426; *Higgins v. Whitney* 24 Wend. 380-1; *Ball v. Liney* 48 N. Y. 14; *Sherry v. Schuyler* 1 Hill 204; *Curtis v. Ward* 20 Conn. 207-8; *Pierce v. Benjamin* 14 Pick. 360; *Kaley v. Shed* 10 Metcalf 319; *Squire v. Hollenbeck* 9 Pick. 552; *Howard v. Cooper* 45 N. H. 342-3; Sedgwick on Damages 428 n. 2; *Smith v. Mitchell* 12 Mich. 191; *Northrup v. McGill* 27 Mich. 238.

COOLEY, J. The error assigned on the alleged illegal adjournment of the cause in justice's court finds nothing to support it in the record. It does not affirmatively appear that any objection was made before judgment, and the record shows a subsequent trial and submission of the cause on the merits. If the objection was not taken before the trial was entered upon, it would be unavailable afterwards.

The defendants, when the cause came on for trial, presented a plea *puis darrein* that the property which they were charged with having converted had been taken from them on a writ of attachment against the plaintiff. The plea did not aver that any disposition had been made of the attachment suit, or that the property had been applied to the plaintiffs' use. When the defendants offered the attachment proceedings in evidence, the justice excluded them; and this is complained of as error. But the ruling was plainly right. If the defendants had already been guilty of a conversion, the subsequent seizure of the property by a

third person would not excuse their tort, and if they had not been, the attachment was an immaterial fact.    The subsequent appropriation of the property to the use of the plaintiff might under some circumstances go in mitigation ·of damages ; but nothing of the sort was set up by the plea ·or was pretended.

Of the fifteen errors assigned in the affidavit for *certiorari*, fourteen relate to the rulings of the justice on the admission ·of evidence.    In nearly every case the point made is somewhat nice and there is no reason to doubt that the justice decided according to his best judgment.    We do not discover that any evidence was excluded which could have aided the defendants, or any received that was clearly improper.    It is probable that on some points the case was not very completely made out, but none of the objections taken were such as would necessarily defeat the plaintiff's recovery, though if sustained, some of them might have rendered further proofs essential.

Where the alleged errors of the justice go to the foundation of the action, it is proper to review them on *certiorari ;* but where they occur in the course of the trial, and are of such a nature that they might be obviated on a new trial, a new trial is obviously the proper remedy.    The writ of *certiorari* is not given to enable parties to have a technical review of all the justice's rulings, but to afford a speedy and inexpensive remedy for substantial faults ; and where the case is one to be determined on disputed facts, the party dissatisfied with the judgment should remove it to the circuit court for trial on the facts, instead of seeking a reversal on technical grounds without an investigation of the merits. *Ritter v. Daniels* 47 Mich. 617.    It is not the policy of the law to encourage a choice of remedies that tends to multiply litigation, and to make judgments depend upon something ·else than a consideration of the real merits in controversy.

We think the circuit court should not have reversed the justice's judgment, and its judgment must be set aside and that of the justice affirmed.

The other Justices concurred.