JOHN BOATZ AND GEORGE R. FOWLER v. ANDREW BERG.

*Certiorari — Assignments of Error — Bill of particulars—Continuance — Waiver of jury—Judgment against surety.*

Where a justice's judgment in a case tried without a jury was reversed on *certiorari* and there were no findings of law, the only assignments of error that were considered were general, viz.: that the court had erred in sustaining the writ of *certiorari* and in giving judgment against the surety for costs.

It is an abuse of discretion for a justice, acting solely on his own motion,

to exclude a defendant's bill of particulars of his claim of set-off merely because it was not filed within the time allowed for that purpose after being demanded by plaintiff, if it was in fact filed before trial, and if there was nothing to show that its reception would prejudice plaintiff.

Defendant's refusal to submit to cross-examination upon his affidavit for continuance in justice's court is sufficient reason for denying the continuance.

Defendant's absence from further proceedings in justice's court after demanding a jury and paying the jury fee does not amount to a waiver of the jury, and the justice cannot proceed to try the case alone.

Errors assigned upon the proceedings in summoning and striking a jury in justice's court are immaterial if no jury was had on the trial.

A surety for costs in justice's court may be included in the judgment rendered on appeal against his principal.   Comp. L. § 6133.

Error to Manistee.   (Judkins, J.)   April 27.—June 13.

Assumpsit.   Plaintiffs bring error.   Affirmed.

*S. W. Fowler* for appellants.

*A. J. Dovel* for defendant.   "Adjournment of a cause in justice's court should be allowed where the affidavit therefor is sufficient: *Annin v. Chase* 13 Johns. 462; *Mercer v. Lowell Bank* 29 Mich. 248; it is error for a justice to try a case without a jury in defendants' absence and without his consent after a venire is issued: *Sebring v. Wheedon* 8 Johns. 460; *McGraw v. Sturgeon* 29 Mich. 429.

Sherwood, J.   In the record in this case there are shown no findings of law, and no findings by the circuit court outside of what the judgment itself, sustaining the certiorari, imparts.   The general assignments of error that the court erred in sustaining the certiorari, and also in rendering judgment against George R. Fowler, the surety, are the only errors properly alleged, or that we can consider.

The return to the writ of certiorari shows that on the return day of the summons—the 19th day of February, 1881,—both parties appeared before the justice; that plaint-

iff declared verbally in assumpsit on the common counts; to which the defendant pleaded the general issue with notice of set-off. Security for costs was demanded by defendant and was ordered by the justice, and forthwith given by the plaintiff with George R. Fowler as surety. Both parties respectively demanded a bill of particulars of their respective demands which the justice ordered should be filed within six days, and the defendant then demanded a jury, and the cause was adjourned to the 18th day of March, 1881.

On the adjourned day the parties appeared and defendant paid into the court $6.00 as a jury fee and asked for the striking of a jury. There is no irregularity or error in the proceedings to this point to complain of.

The defendant not having filed his bill of particulars within the time ordered, now presented it and requested the justice to file it, which he refused to do. This refusal of the court, to receive and file defendant's bill of particulars, was not upon the objection of the plaintiff but at its own instance and for the alleged reason that the time had expired within which it had been ordered to be filed. It does not appear that the acceptance and filing of the bill of particulars at that time would have prejudiced the plaintiff; while, in fact, as plaintiff had demanded the bill and could, for the failure to file it, exclude all testimony relating thereto, it was to the defendant a denial of justice, and by the justice was an arbitrary abuse of discretion.

The application by the defendant at this time for an adjournment upon his affidavit filed, was properly refused, and for the sufficient reason of his refusal to submit to a cross-examination.*

---

*The return states upon this point, that

"The defendant then presented an affidavit taken then and made before me, in which he claimed that he was not prepared for trial because of the absence of a material witness and which affidavit he claimed to have filed when the plaintiff asked of the court to have the defendant examined in relation thereto, to which examination the defendant, through his counsel, refused to submit when the affidavit was filed, but not on a satisfactory showing, as appears by the endorsement thereon, as from.

It is alleged in the affidavit for the writ of certiorari as error that the justice proceeded to try said cause without a jury, against defendant's objection and without his consent, and rendered judgment in the cause in favor of the plaintiff, and against the defendant; and the allegation is by the return to the writ shown to be true. This the justice had no authority to do. The defendant having demanded a jury was entitled to it, and though he left and absented himself from the court room and from further subsequent proceedings in the case, it was no waiver of the jury; and the error of the justice, in proceeding himself to try the case and in rendering judgment, is well assigned.

The errors assigned in regard to striking and summoning the jury are not to be considered; as there was no jury in the case, no harm has been done.

The judgment against the surety is authorized by our statute under the decision of this Court in the case of *McLean v. Isbell* 44 Mich. 129.

For the reasons herein given the judgment of the justice was erroneous, and that of the circuit court reversing it must be affirmed with costs.

The other Justices concurred.

——————•—◄—►—•——————

51 11
112 233

———————————————————————————

the fact of the deponent's counsel refusing to allow the said deponent to be examined in relation to the matter set forth in the affidavit, as also from the fact of said deponent's counsel having, only a short time previous to his drafting the affidavit, declared himself ready for trial and demanded the striking of a jury. It was considered by the court as merely a get-up for the purpose of embarrassing the court, when it was ruled that a jury be struck forthwith."