JOHN GALLOWAY v. PATRICK H. CORBITT.

*Certiorari—Justice's presence in jury room.*

1. Certiorari does not lie for the review of merely technical defects in the proceedings of a justice, unless they go to the foundation of the action; the proper remedy is by appeal, when the case can be re-tried and determined on its merits.

2. A justice's return to a writ of certiorari must be taken as true.

3. A justice of the peace has no right to go alone into the jury room to advise the jury, even at their request, unless the parties or their counsel consent.

Error to Wayne. (Certiorari.) Jan. 16.—Jan. 22.

ASSUMPSIT. Plaintiff brings error. Reversed.

*Stewart & Galloway* for appellant. Answering a question by the jury in the absence of counsel is not necessarily error (*Thayer v. Van Vleet* 5 Johns. 111) and going to them with the counsel and discussing the same matter again would cure it: *Smoke v. Jones* 35 Mich. 409.

*R. Laidlaw* for appellee.

CHAMPLIN, J. This case was brought into this Court by writ of error to the circuit court for the county of Wayne. The suit was originally commenced in justice's court, and was brought from thence to the circuit by writ of certiorari. The return of the justice shows that the case was tried before a jury, and after the testimony was closed the jury retired to consider their verdict under the charge of an officer duly sworn; and after they had been out a few moments the justice, at the request of the jury, entered the jury-room in the absence of the parties, and was asked by the jury the following question: " Can we reduce the amount of the note ?" To which he made answer: " No; you will have to allow in full the amount due on the note when plaintiff purchased it, if before maturity, or disallow it."

He was requested a second time by the jury to enter the jury-room, which he did in company with the plaintiff and defendant, who both consented to his entering the room the second time.   The jury asked the same question they asked before, and the attorneys each gave their views of the law bearing upon the question, after which the justice and attorneys retired from the room.

The jury, after further deliberation, returned a verdict for the plaintiff for thirty-five dollars, and the justice rendered a judgment for that amount.

The only allegation of error set out in the affidavit for the writ of certiorari is that the justice erred in entering the jury-room after the jury were in charge of an officer, without the consent of the defendant, and advising with them during their deliberations, upon the law and evidence in the case.   For this error assigned the circuit judge reversed the judgment of the justice, and this reversal is assigned as error here.

It was highly improper for the justice to enter the jury-room, whether requested to do so by the jury or not, alone, without consent of the parties or attorneys, after the jury had retired to deliberate.   But whether it was such an error as calls for a reversal of the judgment upon certiorari is quite another question.

We have here, from the justice's return, a statement of all that occurred, and in passing upon this question we must take his return as true.   We cannot say that it was an error that prejudiced the rights of the defendant. *Hart v. Lindley* 50 Mich. 20 ; *Thayer v. Van Vleet* 5 Johns. 111 ; *Blackley v. Sheldon* 7 Johns. 32 ; *Henlow v. Leonard* 7 Johns. 200 ; *Whitney v. Crim* 1 Hill 61.

If the defendant was dissatisfied with the verdict and judgment, as being against his substantial rights, a more appropriate remedy would have been an appeal to the circuit court, where the case could have been tried and determined upon its merits.   This Court has heretofore expressed its disapprobation of the practice of taking advantage of technical errors in the proceedings before justices of the

peace, by the process of certiorari, thus converting what was designed to be a speedy and inexpensive court for the trial of causes into a costly and dilatory tribunal, and often in its practical operation, through serious delays, defeating the ends of justice; and we are of opinion that except for errors which go to the foundation of the action, the proper remedy is by appeal. *Erie Preserving Co. v. Witherspoon* 49 Mich. 377.

The judgment of the circuit court is reversed and that of the justice affirmed with costs of this Court and of the circuit.

The other Justices concurred.