## JAMES N. MORRISON v. EMANUEL EMSLEY.

*Evidence of age— Certiorari—Service.*

1. The best evidence of one's age is that of the person whose age is in question.

2. A writ of certiorari that is to be served within ten days is ineffective if ten days pass between the day of its issue and the date of its service.

3. An appeal, and not a writ of certiorari is the proper procedure for reviewing the judgment of a justice in a case in which he has excluded testimony.

4. Certiorari should not issue where the defects relied on are not such as reach the substance of the controversy; for if the judgment is reversed the case falls.

Error to Gratiot. (Hart, J.) April 24.—April 30.

REPLEVIN. Defendant brings error. Reversed.

*James K.* and *L. T. Wright* for appellant.

*Samuel J. Scott* for appellee.

CAMPBELL, J. Plaintiff sued before a justice of the peace, in replevin, to recover a buggy and harness which he had mortgaged to defendant, and which was foreclosed and sale made September 14, 1881, plaintiff standing by and not objecting. On the trial of this suit he testified that he was under age, and did not reach his majority until the 19th of the same month. It appeared from plaintiff's testimony that he gave the morgtage to secure Emsley for endorsing a note with plaintiff, on which Emsley, for anything that appears, continued legally responsible. Plaintiff swears he did not pay it himself.

The justice struck out plaintiff's testimony concerning his age, on the ground that it was not the best evidence,—and in this he was wrong. Plaintiff took certiorari to the circuit court of Gratiot county, where the judgment was reversed. It is brought here on error.

In the circuit court the objection was taken that inasmuch as the writ was not served on the justice within ten days, and no other time had been fixed, it should be dismissed. By How. Stat. § 7038, it is expressly required that service shall be made within ten days after the writ issues, or such other time as may be fixed by the officer allowing it, together with the bond and affidavit, and fees for making return, " and no certiorari shall be of any effect until all the preceding requisitions shall have been complied with." The writ was issued December 29, 1881, and the service made on the justice, January 9, 1882. This left ten clear days, without counting either the day of issue or the day of service. The case seems to fall within the statute, and the motion to dismiss ought to have been granted, as the irregularity was sufficient, and the case entirely wanting in merits.

But we are not disposed to decide the case on this merely technical ground. The case was before the justice on testimony for plaintiff and testimony for defendant. Had the testimony concerning the age of plaintiff been received and retained, it by no means follows that the justice would have

been bound to give it full credit, or that defendant might not have contradicted it.   There were circumstances sworn to by plaintiff which threw doubt upon it.   He had, as he swears, been doing business for himself, buying and selling buggies and horses, and giving his notes, for three years, which, if his statement of his age was true, must have made him a business man when he was a boy of between seventeen and eighteen.   It is possible for boys to obtain credit as such, no doubt, but it is not so common that they can usually do so without either appearing to be men, or else keeping up such business conduct as would not have given rise to this litigation.   The fact of age would have been open to dispute.

If such an error had been committed in a circuit court, the only result would have been a new trial, when all these matters could be litigated.   But when a justice's judgment is reversed on certiorari the whole case falls, whereas on appeal the appealing party will prevail at the circuit on a trial of the facts if he makes out his case, but the adverse party also has a fair chance to meet that case.

It is not the proper office of a certiorari to reverse proceedings on defects which are not calculated to reach the substance of the controversy.   The statute contemplates that on a certiorari from a justice the appellate court may do substantial justice on the whole merits.   But this is impossible where the reversal is for the exclusion of testimony which is not of a conclusive character.   And it may easily happen that a reversal in such a case may be had, to a destruction of justice, by loss of remedies, or other circumstances of prejudice. While there may not be an absence of jurisdiction to issue a writ in such cases, it is usually a bad practice, and should not be encouraged unless circumstances are exceptional.   The conditions of appeal are as readily performed as those of certiorari and the remedy is far more appropriate.

In the present case, whatever may be plaintiff's rights, if he really was a minor, there is nothing on the record to indicate that he could insist on them honorably.   The case does

not appeal to indulgence.    We think the writ was improvidently granted.

The judgment of the circuit court must be reversed and the certiorari dismissed.

The other Justices concurred.