FRANCIS GRAY ET AL. V. ELLIOT R. WILLCOX.

*Justice's court—Informalities—Ownership of note—Certiorari.*

1. Where security for costs was filed by a non-resident plaintiff in justice's court upon the return day of the summons, there was no error in overruling a motion to dismiss for failure to file it before process issued.

2. The objection that the hour to which a case was continued does not appear in a justice's docket is frivolous and properly overruled if it appears that the hour was fixed and that it appeared in the justice's minutes but had not been transferred to his docket.

3. Where some of the testimony in a suit before a justice has not been reduced to writing and no request has been made that it should be, and the justice returns that he cannot produce it, the presumption is that there was enough to support the judgment.

4. Title to a promissory note by equitable assignment is sufficiently made out in an action thereon in justice's court against the maker, if it appears that plaintiffs are the successors to the firm to which it was made payable; and proof of indorsement is needless.

5. It is discretionary with a justice to allow proof to be made after the agreement as to the time when the summons was delivered for service, provided such proof does not prejudice the opposite party.

6. Appeal rather than certiorari is the proper procedure for removing a case on technical grounds from before a justice.

7. On certiorari to justice's court all technical omissions or defects in the proceedings before him will be disregarded and judgment will be entered on the merits. How. Stat. § 7044.

Error to Oakland. (Stickney, J.)   Jan. 16.—Jan. 21.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*E. R. Willcox* and *L. B. Taft* for appellant.   A justice's docket should show the hour to which a case is adjourned : *Redman.v. White* 25 Mich. 525 ; *Saunders v. Tioga Mnfg Co.* 27 Mich. 520 ; *Vroman v. Thompson* 51 Mich. 452 ; indorsees of a negotiable note must sue on it in their own name : *Robinson v. Wilkinson* 38 Mich. 301 ; *Spinning v. Sullivan* 48 Mich. 5 ; *Moore v. Hall* id. 144 ; but the identity of the first indorser as payee.must be proved, as must also the signatures and handwriting of all indorsers : *Spicer v. Smith* 23 Mich. 96 ; *Hinkley v. Weatherwax* 35 Mich. 511 ; *Matteson v. Morris* 40 Mich. 53 ; *Smith v. Long* 40 Mich. 555.

*J. H. Holman* and *Thomas J. Davis* for appellees.   Omission of the adjourned hour from the justice's docket is a mere irregularity if it appears in the return : *Whelpley v. Nash* 46 Mich. 25 ; *Hickey v. Hinsdale* 8 Mich. 267 ; especially if defendant appeared : *Cheney v. Russell* 44 Mich. 620 ; permission to testify after resting the case is in a justice's discretion : *D. & M. Ry. Co. v. Van Steinburg* 17 Mich. 99 ; *Hollister v. Brown* 19 Mich. 163 ; *Danielson v. Dyckman* 26 Mich. 168 ; *Clark v. Vorce* 15 Wend. 193 ; even after argument is begun : *Thompson v. Ellsworth* 39 Mich. 719 ; *Dunckle v. Kocker* 11 Barb. 389 ; *Burger v. White* 2 Bosw. 92 ; the objection that the evidence did not warrant a justice's judgment will not be considered if the evidence is not all returned : *Snow v. Perkins* 2 Mich. 238 ; *Berry v. Lowe* 10 Mich. 9 ; indorsement for collection passes no title : *Reading v. Beardsley* 41 Mich. 123.

CHAMPLIN, J.   This suit was brought before a justice of the peace to recover the amount claimed to be due upon a promissory note made by the defendant, payable to order of F. Gray, O'Ferrell & Co., and bearing date October 3d, 1876. The parties appeared on the return-day of the summons, when the plaintiffs declared orally on the common counts in assumpsit, and specially upon the note, and filed the same with the justice as a part of their declaration.   The plaintiffs were described in the summons and declaration as Francis Gray, William C. Gray and Homer C. Nellis, a firm doing business under the firm name of F. Gray & Co. and successors to F. Gray, O'Ferrell & Co., Piqua, Ohio, and they also declared in the same manner.   The name of F. Gray, O'Ferrell & Co., was endorsed in blank upon the note, under

which there appear several endorsements to pay to the order of different banks for collection, but none of them signed at the time the note was filed with the justice, and therefore of no consequence.

Before pleading, the defendant moved that the suit be dismissed for the reason that there was no such firm as F. Gray & Co., nor as F. Gray, O'Ferrell & Co., nor any such person as named in the summons therein constituting such named persons, which motion was very properly overruled by the justice. Defendant then moved that the suit be quashed and dismissed for the reason that the plaintiffs, if there are any such, are non-residents of Oakland county and of the State of Michigan, and had not filed security for costs in the suit before process issued. The justice overruled the motion, and states in his return that security was filed on the return-day and at the time of calling the suit, and before any further proceedings. In this he committed no error. Defendant then pleaded the general issue, gave notice of set-off, and on his application the cause was adjourned to February 9th, 1883, at 1 o'clock P. M., at which time the parties appeared and defendant moved that the suit be quashed, because as appeared from the docket of the justice, no hour was fixed for the continuance.

The justice returns that the hour was fixed, and appeared in his minutes to be at one o'clock P. M. of the 9th of February, which he had not fully entered on his docket. The objection was frivolous, and was rightly overruled. The defendant then asked leave to amend his plea by adding thereto the plea of statute of limitations. The parties then proceeded to trial without a jury. The justice returns that the testimony was not reduced to writing, and that he is unable to return the whole testimony. It does not appear that either party requested the justice to reduce the testimony given to writing, and therefore the presumption will be that sufficient evidence was given to support the judgment in this case, where the justice returns that he is unable to return all of the testimony.

Homer C. Nellis, one of the plaintiffs, was sworn, and testi-

fied to the amount due upon the note, and it was then offered and received in evidence without objection. Plaintiffs then rested, but after a few moments recalled the statement that they rested, and asked the witness Nellis, " Who owned the note declared upon on the 4th of January last ?" This question was objected to, but the justice's return does not state that any reason was given or ground stated for the objection. The witness answered that the plaintiffs owned the note. He further testified that he was one of the members of the firm of F. Gray & Co., who owned the note declared on ; that they succeeded F. Gray, O'Ferrell & Co., O'Ferrell having left the firm. We think sufficient appears to show that this action was substantially a suit brought by the payees against the maker, and that proof of endorsement was not necessary. If the note was given to F. Gray, O'Ferrell & Co., and Mr. O'Ferrell left the firm, which thereafter continued business in the firm name of F. Gray & Co., it was competent to prove the fact of ownership as successors of the former firm, as equitable assignees of the note. We think plaintiffs' title sufficiently made out.

After the parties had argued the case before the justice plaintiffs asked leave to introduce further evidence as to the time when the summons was delivered to the constable for service and the justice permitted them to do so, against defendant's objection. The defendant does not show that he was prejudiced by the ruling of the justice. It was a matter of discretion, and it appears to have been properly exercised in this case. The trial resulted in a judgment for the plaintiffs.

All of the objections taken by defendant in the course of the proceedings were exceedingly technical, and did not involve the merits of the controversy, and if they should be held legal and valid would not determine the rights of the parties in the subject-matter of the suit, but would merely turn the party over to another action. In such cases, we think the party who feels aggrieved at the result of the trial should, if he desires to remove the case to the circuit court, take it there by appeal instead of certiorari. We have heretofore

pointed out the appropriate remedy where the parties desire the merits of the controversy to be determined. *Erie Preserving Co. v. Witherspoon* 49 Mich. 377; *Galloway v. Corbitt* 52 Mich. 460. If, instead of appeal, the party resorts to certiorari, the law contemplates that all technical omissions, imperfections, or defects in the proceedings before the justice, which do not affect the merits, will be disregarded, and judgment will be entered as the right of the matter may appear. How. Stat. § 7044.

In this case the circuit court held that there appeared no error affecting the merits of the controversy between the parties either in the record and proceedings or in the giving of judgment, and therefore affirmed the same. In this we agree, and a

Judgment of affirmance will be entered here, with costs.

The other Justices concurred.