## CHARLES MANN v. WILLIAM V. TYLER.

*Appeal on certiorari—Conclusiveness of return to certiorari—Discretion in practice—Farther return.*

1. A justice trying a case without a jury does not clearly err in striking out evidence as immaterial if he returns the facts truly for review.

2. The Supreme Court will not review mere questions of practice below especially if they do not plainly involve an abuse of discretion.

3. The refusal of a trial court to order a farther return to a writ of certiorari issued to a justice is not open to review in the Supreme Court.

4. The return to a writ of certiorari is conclusive upon the party who sues out the writ, and he cannot dispute it.

5. · Appeal, rather than certiorari should be resorted to for reviewing cases that stand upon facts.

Error to Wayne.   (Speed, J.)   April 9.—May 6.

ASSUMPSIT.   Plaintiff brings error.   Affirmed. ·

*Chapman & Smith* for appellant.

*Stewart & Galloway* for appellee.

COOLEY, C. J.   Plaintiff sued defendant in justice's court on a promissory note.   The evidence given by him on the trial was that the note was given in renewal of a prior note, which prior note was for a balance due on a piano purchase. The defendant relied upon set-offs ; but these set-offs, as they were testified to by him, consisted of payments on the same purchase, made before the giving of the first note.   According to the justice's return, he was asked on cross-examination whether all these payments were not allowed him when the first note was given, and he replied that they were talked over.   The further question was then put: "You knew of all the claims you now make before you gave the first note ?" and he answered, "Yes."   To the further question whether the note was not given for the balance found due on the piano purchase he made no answer.   The plaintiff then moved to strike out the defendant's evidence as immaterial, and the motion was granted.

This action of the justice is assigned for error.   Had he been trying the case with a jury, it would have been erroneous; because it would have taken · the evidence entirely away from the jury ; but he was sitting alone, and the evidence was addressed only to him.   When he struck it out as immaterial, he merely decided in effect that it had no important bearing in the case, and ought therefore to be disregarded ; and if he returns the facts truly, we cannot say he erred. Presumptively, the note was given for the actual balance due, and defendant did not state facts in his evidence which would overcome this presumption.

The defendant, however, claimed in the circuit court that

the return of the justice was inaccurate, imperfect, and evasive; and he obtained an order from the circuit court for a further and more specific return. But the order, on motion of the plaintiff, was set aside, and the case was then removed to this Court on writ of error. The errors assigned are — *first*, the error of affirming the judgment; *second*, the error of not ordering further return; and *last*, that there is and was no valid judgment in said case, and the records and memoranda and docket of said justice, sought for in said motions for an amended return, would have shown that fact, and also that the return of the justice was false, as claimed by plaintiff in his affidavit for a writ of certiorari; that it contained statements of facts and occurrences that did not exist or occur in the proceedings and trial before said justice; that testimony was manufactured in said return which was not given in the trial of said cause before said justice, and also that the justice lost jurisdiction of said case before rendering said judgment; and it was the duty of said circuit court, under section 8, art. vi, of the Constitution of Michigan, and How. Stat. §§ 7042, 7044, to order said justice to amend his return so as to give said circuit court full and exact information of his doings in said cause; and said records, memoranda and docket would have shown that his return was false, and the judgment invalid and worthless as aforesaid.

The return as actually made by the justice shows no ground of error on which, in our opinion, we should be warranted in reversing his judgment. If it is reversed, therefore, it must be either because the circuit court refused to require a further return, or upon the grounds alleged or suggested in the last assignment of error.

We do not think we can reverse it because further return was not ordered. Considerable latitude must be left to discretion in such matters. This Court would be utterly unable to perform its functions and clear its docket, if matters of practice at the circuits were subject to review here. We say nothing now of a case of gross and palpable abuse of discretion, which we cannot say appears in this case.

The last assignment of error, it will be seen, attacks the return, and suggests that a different state of facts exists from that shown by it. It may be that this is true. But in suing out the writ of certiorari the party elects to rely upon such return as he is able to obtain, and he can claim no errors as grounds of reversal that are not shown by it. *People v. Hobson* 48 Mich. 27; *Rawson v. McElvaine* 49 Mich. 194. An argument that seems to render probable that an error exists, which the return does not show, is of no avail whatever.

Certiorari, in cases which stand upon facts, is a remedy not favorable to justice, because it may set aside a righteous judgment upon errors more technical than substantial. For this reason intendments should be against error on doubtful facts; not in favor of it. The remedy more conducive to justice manifestly is an appeal. We have explained this in other cases to which we now refer. *Ritter v. Daniels* 47 Mich. 617; *Howell v. Shepard* 48 Mich. 472; *Erie Preserving Co. v. Witherspoon* 49 Mich. 377; *Whitbeck v. Common Council* 50 Mich. 86; *Wilkinson v. Williams* 51 Mich. 155.

The judgment should be affirmed.

The other Justices concurred.