JAMES WHITTLE v. THOMAS BAILES.

*Fraudulent conveyances—Evidence—Trover—Notice of justification.*

1. On the trial of a suit to recover the value of property sold on execution, brought by an alleged purchaser from the judgment debtor, the defendant sought to show by the debtor, on cross-examination, that he was insolvent, and had transferred all of his property with intent to defraud his creditors, which proposed evidence was rejected by the justice.

   *Held,* that the testimony was competent and material.

2. In a trover suit brought in justice's court by an alleged purchaser from a judgment debtor against an officer, the defendant gave notice, under his plea, of the judgment and execution, and the official character of the defendant, and that he had levied upon the property as that of the judgment debtor, and that the property was his, and liable to be sold for the satisfaction of the debt.

   *Held,* that, whatever the rule may be in courts of record, it has always been held that pleadings in justice's courts should be liberally construed, and that the notice was sufficient to let in the defense of fraud in the alleged transfer of title to the plaintiff.[1]

Error to Genesee. (Newton, J.) Argued April 12, 1887. Decided April 28, 1887.

Trover. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*A. U. Wood,* for appellant.

*J. L. Topping,* for defendant.

CHAMPLIN, J. Thomas Bailes was a constable, and levied upon a fire-proof safe by virtue of an execution against the goods and chattels of Thomas Whittle and Lewis N. Algeo. James Whittle claimed the safe as his property, and brought

[1] See *Wait v. Kellogg,* 63 Mich. 144, and note, giving rule as laid down in *Eureka Iron & Steel Works v. Bresnahan,* 33 N. W. Rep. 834.

an action of trover against defendant. This safe was formerly the property of Thomas Whittle, and was marked with his name, and on the twenty-seventh day of January, 1879, was mortgaged by Thomas Whittle to N. C. Green.

Whittle claimed to have sold the safe to his father, James Whittle, in 1880, but there was no proof of delivery or change of possession. Thomas testified that his father did not know the combination of the lock to the safe, and he put some of his father's papers in the safe, and kept them there until it was levied upon, when he unlocked it, and took them out. Thomas Whittle, the defendant in the execution, was the only one who testified to his father's title to the safe, and the defendant's attorney on cross-examination attempted to prove by the witness that he himself was insolvent, and had executed conveyances for the purpose and with intent to defraud his creditors, including all his property, and also that he had made conveyances to his father with the like intent. The justice before whom the cause was tried excluded all such testimony, and rendered judgment for the plaintiff. Defendant removed the cause by *certiorari* to the circuit court, where the judgment of the justice was reversed, and judgment rendered for defendant.

The testimony excluded was competent and material, and the rulings of the justice practically excluded all defense on the ground of fraud.

Plaintiff in his brief attacks the judgment rendered in favor of the plaintiffs in the execution, and points out several irregularities. But these questions are not involved in the assignments of error.

The plaintiff's counsel also insists that the defendant was in no position to attack the transfer to plaintiff on the ground of fraud under the pleadings. The notice given under the general issue set up the judgment and execution, and the official character of defendant; avers that defendant levied upon the property as the property of Thomas Whittle, and

65 MICH.—41.

that the said safe was the goods and chattels of Thomas Whittle, and liable to be taken and sold on said execution for the satisfaction thereof.

Whatever might be the rule in courts of record, it has always been held that pleadings in justices' courts should be liberally construed; and, if the notice fairly apprises the plaintiff of the defense intended to be made, it should be held sufficient. Here the plaintiff was notified that the judgment creditors of Thomas Whittle, from whom plaintiff claimed to derive title, had levied upon this property as the goods and chattels of Thomas Whittle, and that the safe in question was his goods and chattels, and liable to be taken in execution for the satisfaction of such judgment. This was sufficiently definite to let in the defense of fraud in the claimed transfer of title to plaintiff.

It is also claimed that the circuit judge erred in reversing the judgment, inasmuch as if the proffered evidence had been received it was not indisputably conclusive, nor would it have changed the result of the judgment before the justice. The defendant was met at the threshold of his attempt to show fraud. He was not permitted to show that Thomas Whittle was largely indebted and was insolvent; that he had transferred all of his property with intent to defraud his creditors; and, as no objection was made to the order of proof, it would have been useless for him to have made any further efforts to establish the fact. Had he shown all he attempted to, it may not have changed the result before the justice, but it ought to have done so, and doubtless would, as it is to be presumed that the justice was a conscientious, upright magistrate.

We think the circuit judge was correct in reversing the judgment, and it is affirmed, with costs.

The other Justices concurred.