ELDRIDGE *v.* HUBBELL.

1. JUSTICES OF THE PEACE—JURORS—PEREMPTORY CHALLENGE.
    It is reversible error for a justice of the peace to excuse one of the jury struck by the parties upon a peremptory challenge.

2. SAME—CERTIORARI.
    The ruling of a justice in allowing a peremptory challenge to a juror may be reviewed on *certiorari,* though appeal is the better remedy.

Error to Ionia; Davis, J.    Submitted October 4, 1898. Decided December 28, 1898.

Replevin by Martha E. Eldridge against Nathan Hub-

bell. From a judgment reversing, on *certiorari*, the judgment of a justice of the peace, plaintiff brings error. Affirmed.

*Frederick & W. H. Mains*, for appellant.

*F. H. Stowe* (*M. A. Nichols*, of counsel), for appellee.

MONTGOMERY, J. This case originated in justice's court. The defendant demanded a jury. The jury was selected in the usual manner, and the jurors selected by the parties summoned. Five of the jurors appeared, and plaintiff challenged one of the original panel peremptorily. The challenge was allowed by the justice, and defendant declined to take any further part in the proceeding. The plaintiff proceeded to judgment. Defendant removed the case to the circuit on *certiorari*, alleging, as ground of error, that the justice erred in excusing a juror of the regular panel on a peremptory challenge. The circuit court reversed the judgment of the justice, and plaintiff brings the case here for review. Two questions are presented: *First*, whether it was error to permit a peremptory challenge; and, *second*, whether *certiorari* is a proper remedy to review the ruling of the justice.

1. There is no statute authorizing a peremptory challenge of the members of the original panel in justice's court. It is error to allow a peremptory challenge not authorized by statute. *In re Convers*, 18 Mich. 468. On a trial at circuit, where the record shows that the regular panel is not exhausted, this may be error without prejudice. See *Luebe* v. *Thorpe*, 94 Mich. 268; *People* v. *Fowler*, 104 Mich. 449. But in justice's court the trial should proceed before the jury struck by the parties, unless there be challenge for cause; and we cannot hold that this right is unimportant, in view of the fact that there is no reserve of jurors selected in like manner.

2. We regret to say that, under the rule early established, a question of this nature may be reviewed by *certiorari*. *Dooley* v. *Eilbert*, 47 Mich. 615; *Boatz* v. *Berg*, 51 Mich.

8; *Gordon* v. *Sibley*, 59 Mich. 250; *Whittle* v. *Bailes*, 65 Mich. 640; Harris, Certiorari, § 568 *et seq.* We say we regret the existence of this rule for the reason that we are convinced that the remedy by appeal is ample in all cases where jurisdiction of the cause is obtained by the justice. We have, in numerous cases, pointed out that appeal is the better remedy. But, in the absence of legislative restriction, we can go no further than to require that, if the aggrieved party resorts to *certiorari*, he make the error to appear affirmatively and clearly. This has been done in this case, unless we are to say that the right to a trial by a jury other than the one to which plaintiff was entitled, and composed of men selected by a different method, is the equivalent of a trial by a lawfully constituted jury. We do not feel justified in so holding.

The judgment of the circuit court is affirmed.

The other Justices concurred.