FOSTER *v.* WATSON.

1. Courts—Decisions—Stare Decisis.

Mere failure of the court in a decision to apply an applicable rule of law announced by previous decisions, the rule not being discussed nor considered, casts no doubt upon the correctness of the rule.

2. Certiorari — Propriety — Review of Justice's Judgment — Matters Considered—Rulings on Evidence.

Certiorari is inappropriate to review rulings of a justice of the peace on the admission of testimony of an inconclusive character, appeal being the proper remedy in such cases. Montgomery, Hooker, and Moore, JJ., dissenting.

3. Appeal and Error—Review—Questions Considered—Certiorari.

On error to review the judgment of the circuit court on certiorari to review the judgment of a justice of the peace, the court will not consider a question not made in the circuit court nor presented by the affidavit for the writ of certiorari.

Error to Chippewa; Steere, J. Submitted January 20, 1908. (Docket No. 94.) Decided July 1, 1908.

Assumpsit in justice's court by Henry B. Foster against John Watson and William J. Armstrong on a promissory note. There was judgment for plaintiff, and defendants appealed to the circuit court by writ of certiorari. There was judgment affirming the judgment of the justice's court, and defendants bring error. Affirmed.

*V. G. Lanning*, for appellants.

*Davidson & Hudson*, for appellee.

Carpenter, J. Plaintiff brought suit in justice's court to recover on a certain instrument executed and delivered by defendant. The instrument was payable to W. J. Armstrong, or order. The evidence proved plaintiff

to be a bona fide holder. The justice held that the instrument was negotiable and he therefore excluded evidence offered by defendant tending to prove a failure of consideration, and rendered judgment in favor of plaintiff. Defendant thereupon had this judgment reviewed in the circuit court upon a writ of certiorari. He contended that the instrument sued upon was not negotiable, and therefore that the justice erred in excluding the proffered evidence. The circuit court affirmed the judgment rendered by the justice. Defendant thereupon obtained a writ of error from this court and now asks a reversal of the judgment in the circuit court and of the judgment in the justice's court.

Can defendant review the alleged error of the justice by a writ of certiorari? At most the justice erred in declining to admit the evidence proffered by defendant tending to prove failure of consideration. It cannot be said that the admission of this testimony would have resulted in a judgment in defendant's favor. The most that can be said is that defendant suffered a technical legal prejudice by the ruling complained of and the proper remedy in an appellate court would be to reverse the judgment and grant a new trial.

Can this ruling be reviewed upon a writ of certiorari?

In *Howell* v. *Shepard*, 48 Mich. 472, this court decided that a ruling of a justice erroneously admitting in evidence a certain deposition could not be reviewed by certiorari, saying:

"If the defendant considered himself wronged by its reception, he should have appealed. The remedy by certiorari is not one to be encouraged when the alleged errors are such as might have been obviated on a trial de novo in the circuit."

Preceding the above quotation there is in the opinion this sentence:

"The deposition does not appear in the return, and may, for anything that does appear, have been of no moment in the case."

153 MICH.— 26.

From this and from the language above quoted, Justice MONTGOMERY says the opinion "plainly implies that had it appeared that the deposition was of a character which worked an injury to the plaintiff in certiorari, the court would have felt bound to review the ruling." I think this is fully answered by the statement in the opinion: "If the defendant considered himself wronged by its reception, *he should have appealed.*"

In *Erie Preserving Co.* v. *Witherspoon*, 49 Mich. 377, in an opinion of this court by Justice COOLEY, it is said:

"Of the fifteen errors assigned in the affidavit for certiorari, fourteen relate to the rulings of the justice on the admission of evidence. In nearly every case the point made is somewhat nice and there is no reason to doubt that the justice decided according to his best judgment. We do not discover that any evidence was excluded which could have aided the defendants, or any received that was clearly improper. It is probable that on some points the case was not very completely made out, but none of the objections taken were such as would necessarily defeat the plaintiff's recovery, though if sustained, some of them might have rendered further proofs essential.

"Where the alleged errors of the justice go to the foundation of the action, it is proper to review them on certiorari; but where they occur in the course of the trial, and are of such a nature that they might be obviated on a new trial, a new trial is obviously the proper remedy. The writ of certiorari is not given to enable parties to have a technical review of all the justice's rulings, but to afford a speedy and inexpensive remedy for substantial faults; and where the case is one to be determined on disputed facts, the party dissatisfied with the judgment should remove it to the circuit court for trial on the facts, instead of seeking a reversal on technical grounds without an investigation of the merits. *Ritter* v. *Daniels*, 47 Mich. 617. It is not the policy of the law to encourage a choice of remedies that tends to multiply litigation, and to make judgments depend upon something else than a consideration of the real merits in controversy.

"We think the circuit court should not have reversed the justice's judgment, and its judgment must be set aside and that of the justice affirmed."

In *Galloway* v. *Corbitt*, 52 Mich. 460, this court, speaking through Mr. Justice CHAMPLIN, said:

"This court has heretofore expressed its disapprobation of the practice of taking advantage of technical errors in the proceedings before justices of the peace, by the process of certiorari, thus converting what was designed to be a speedy and inexpensive court for the trial of causes into a costly and dilatory tribunal, and often in its practical operation, through serious delays, defeating the ends of justice; and we are of opinion that except for errors which go to the foundation of the action, the proper remedy is by appeal," citing *Erie Preserving Co.* v. *Witherspoon*, supra.

In *Morrison* v. *Emsley*, 53 Mich. 564, upon a writ of certiorari, the circuit court reversed a judgment rendered for the defendant in justice's court because of an erroneous ruling excluding testimony tending to prove that plaintiff was an infant at the time he entered into the contract involved in the suit. The case was then brought to this court by writ of error, and the judgment of the circuit court was reversed. The unanimous opinion of the court was written by Justice CAMPBELL. The opinion, after stating that the ruling of the justice was erroneous, proceeds:

"Had the testimony concerning the age of plaintiff been received and retained, it by no means follows that the justice would have been bound to give it full credit, or that defendant might not have contradicted it. There were circumstances sworn to by plaintiff which threw doubt upon it. * * * The fact of age would have been open to dispute.

"If such an error had been committed in a circuit court, the only result would have been a new trial, when all these matters could be litigated. But when a justice's judgment is reversed on certiorari the whole case falls, whereas on appeal the appealing party will prevail at the circuit on a trial of the facts if he makes out his case, but the adverse party also has a fair chance to meet that case.

"It is not the proper office of a certiorari to reverse proceedings on defects which are not calculated to reach the substance of the controversy. The statute contem-

plates that on a certiorari from a justice the appellate court may do substantial justice on the whole merits. But this is impossible where the reversal is for the exclusion of testimony which is not of a conclusive character. And it may easily happen that a reversal in such a case may be had, to a destruction of justice, by loss of remedies, or other circumstances of prejudice. While there may not be an absence of jurisdiction to issue a writ in such cases, it is usually a bad practice, and should not be encouraged unless circumstances are exceptional. The conditions of appeal are as readily performed as those of certiorari and the remedy is far more appropriate."

It is true, as stated by Justice MONTGOMERY, the opinion in *Morrison* v. *Emsley* pointed out another ground for reversing the judgment of the lower court, viz., an irregularity in the service of the writ of certiorari. But of that the court said: "We are not disposed to decide the case on this merely technical ground," and then proceeded to state what is above quoted. I submit that under these circumstances I am warranted in maintaining that the real ground upon which that decision rests is that a writ of certiorari is not the proper writ in which to review rulings of a justice of the peace excluding testimony not of a conclusive character.

In *Gray* v. *Willcox*, 56 Mich. 58, in an opinion delivered by Justice CHAMPLIN, it is said:

"All of the objections taken by defendant in the course of the proceedings were exceedingly technical, and did not involve the merits of the controversy, and if they should be held legal and valid would not determine the rights of the parties in the subject-matter of the suit, but would merely turn the party over to another action. In such cases, we think the party who feels aggrieved at the result of the trial should, if he desires to remove the case to the circuit court, take it there by appeal instead of certiorari."

In *Mann* v. *Tyler*, 56 Mich. 564, Chief Justice COOLEY, speaking for the court, said:

" Certiorari, in cases which stand upon facts, is a remedy not favorable to justice, because it may set aside a

righteous judgment upon errors more technical than substantial."

In *Stoll* v. *Padley*, 98 Mich. 13, it was said by the court, speaking through Mr. Justice MONTGOMERY:

"We think none of the alleged errors went to the jurisdiction of the justice. It may prove of little avail to repeat what the court has so frequently said,—that the more appropriate remedy in such cases as the present is by appeal. [Citing cases.] Undoubtedly, the party has a right to resort to certiorari, but if he does he must do so at the risk of failing to 'hit the bird in the eye' and at the risk of losing a trial on the merits in case of such failure."

Opposed to the foregoing decisions is *Whittle* v. *Bailes*, 65 Mich. 640. There this court held that certiorari was the proper remedy to review a ruling of a justice of the peace improperly excluding testimony offered by the defendant. That opinion was delivered by Justice CHAMPLIN, and respecting the point in question, he states:

"It is also claimed that the circuit judge erred in reversing the judgment, inasmuch as if the proffered evidence had been received it was not indisputably conclusive, nor would it have changed the result of the judgment before the justice. * * * Had he [defendant] shown all he attempted to, it may not have changed the results before the justice, but it ought to have done so, and doubtless would, as it is to be presumed that the justice was a conscientious, upright magistrate."

This opinion contains no reference whatever to the opposing cases heretofore cited, nor to the doctrine therein announced, and to reconcile it with those cases and their underlying principle is an impossible task. *Whittle* v. *Bailes* decides this proposition, viz., that an erroneous ruling of a justice refusing to admit testimony proffered by the defendant party—and which is claimed by him would establish his right to recover if he be plaintiff, or his defense if he be defendant—may be redressed by a reversal of the judgment upon a writ of certiorari. In such a case and in all such cases it cannot be known either in

the justice's court or in the appellate court what would have been proved by the testimony which was proffered and excluded. It cannot be known and it cannot therefore be said that the excluded testimony was of a conclusive character. *Whittle* v. *Bailes* is therefore in direct conflict with *Morrison* v. *Emsley*, 53 Mich. 564, heretofore referred to. For there it was decided that a writ of certiorari could not be used to review a ruling "for the exclusion of testimony which is not of a conclusive character." It is also in conflict with the ruling laid down in many of the other cases heretofore cited, viz., that certiorari is not the remedy where "the alleged errors are such as might have been obviated on a trial in the circuit." This court must then overrule either *Whittle* v. *Bailes* or *Morrison* v. *Emsley* and the line of cases which supports the rule it applies. There is little difficulty in making our choice. The rule governing *Morrison* v. *Emsley* was deliberately adopted. It was a wise rule and in the interest of justice. The effect of using a writ of certiorari to redress errors which might be obviated by a new trial would convert "what was designed to be a speedy and inexpensive court for the trial of causes into a costly and dilatory tribunal, and often in its practical operation, through serious delays, defeat the ends of justice." Nor can we impute to the learned Justices who participated in deciding *Whittle* v. *Bailes* the intention of changing this rule. Had they intended to overrule these cases they would have referred to them. It is rather to be inferred that *Whittle* v. *Bailes* was hastily and inconsiderately decided. (It was argued April 12, 1887, and decided April 28, 1887.) There the court made an unintentional departure from the established rule.

It is said that *Whittle* v. *Bailes* is sustained by other decisions of this court. We are referred to *Drovers' Nat. Bank* v. *Blue*, 110 Mich. 31; *Boatz* v. *Berg*, 51 Mich. 8; and *Eldridge* v. *Hubbell*, 119 Mich. 61. We will examine these cases. The most that defendant can claim for *Drovers' Nat. Bank* v. *Blue* is that the court

failed to apply the rule. The rule, however, was not discussed or considered. Neither the case of *Whittle* v. *Bailes* nor *Morrison* v. *Emsley* was referred to. Under these circumstances that decision casts no doubt upon the correctness of the rule. See *Andrews* v. *Booth*, 148 Mich. 333, and authorities there cited.

*Boatz* v. *Berg*, 51 Mich. 8, and *Eldridge* v. *Hubbell*, 119 Mich. 61, are much alike. In each of these cases the ruling of the justice complained of—and which it was held might be reversed by certiorari—deprived the defeated party of the kind of trial he was entitled to have. In *Boatz* v. *Berg*, the justice improperly refused to give the defeated party a trial by jury. In *Eldridge* v. *Hubbell*, the justice by an improper ruling—a ruling giving the prevailing party the right to a peremptory challenge of jurors —deprived the defeated party of a trial by the jury to which he was entitled. It was held—and reluctantly held—that this ruling might be reviewed by writ of certiorari. I do not understand that it was intended in *Eldridge* v. *Hubbell* to overrule *Morrison* v. *Emsley*, and the line of cases supporting the principle therein declared. I do not understand that it was decided in *Eldridge* v. *Hubbell* that the rulings of a justice made in the course of a trial might be reviewed by writ of certiorari. I understand that it was merely decided, as there stated, "a question of this nature"—that is, decisions of the justice which deprived the defeated party of the kind of trial he is entitled to have—"may be reviewed by certiorari." Construing *Eldridge* v. *Hubbell* in accordance with this understanding, it has no relation to the case at bar, and the same may be said of *Boatz* v. *Berg*, in which case the propriety of reviewing the ruling by writ of certiorari was not discussed.

There is also a line of cases commencing at a very early date and continuing to the present time (see *Cicotte* v. *Morse*, 8 Mich. 424; *Berry* v. *Lowe*, 10 Mich. 9; *Chicago, etc., R. Co.* v. *Peters*, 45 Mich. 636; and *Bullock* v. *Ueberroth*, 121 Mich. 293) which hold that when the

plaintiff has entirely failed to prove his case a judgment rendered in his favor by the justice will be reversed by certiorari. It may be suggested that since in such cases the failure of proof may be generally obviated by a new trial, it should have been held within the rule stated in this opinion that the proper remedy was appeal and not certiorari. Perhaps this is true. If so, it only proves that the court did not extend said rule to its logical consequence. This does not, however, justify our denying the rule altogether and declaring that it does not apply in cases where the court has authoritatively determined it does apply. We must therefore distinguish—and I think there is a distinction—between cases where plaintiff has entirely failed to prove his cause of action and cases where testimony not of a conclusive character is excluded. The one class may be reviewed by certiorari; the other cannot.

The only case therefore that presents a serious obstacle to our following *Morrison* v. *Emsley*, and the rule there approved, is *Whittle* v. *Bailes*. For reasons heretofore stated, the latter case must be overruled and the rule observed. That rule required defendant to seek relief by appeal and not by certiorari. By seeking relief by certiorari he chose the wrong remedy and cannot obtain relief.

The point is also made that within the rule of *Cicotte* v. *Morse* and *Bullock* v. *Ueberroth*, supra, the judgment is erroneous, because there was no evidence to support it. This point was not made in the circuit court and it was not raised in the affidavit for the writ of certiorari. We cannot therefore consider it. *Drake* v. *Harvester Co.*, 150 Mich. 561.

The judgment is affirmed.

GRANT, C. J., and BLAIR, OSTRANDER, and MCALVAY, JJ., concurred with CARPENTER, J.

MONTGOMERY, J. I regret that I am unable to agree with the opinion of my Brother CARPENTER. I regret this all the more for the reason that I would be very glad to see the remedy of certiorari circumscribed and limited

as his opinion would result in limiting it. But I cannot agree that the prior decisions of the court should be interpreted as having denied the right to review by certiorari a ruling of the character involved in the present case. Were we dealing with the question with plenary power to fix the rule, I should not hesitate to declare in favor of a rule that would compel resort to the remedy by appeal in all cases where the defeated party might by a retrial in the circuit have a determination of his rights. But admittedly no such broad rule as that has ever been established by the court, and there is a multitude of cases in which resort has been permitted to review by certiorari rulings which might have been corrected by a new trial in the circuit.

The first case cited by Mr. Justice CARPENTER is *Howell* v. *Shepard,* 48 Mich. 472. I do not construe this case as holding that the rulings which exclude testimony which goes to the merits of the case may not be had upon certiorari. On the contrary, I think the exact opposite is implied. The error relied upon was error in admitting in evidence a deposition which was taken on insufficient notice. It was said:

"The deposition does not appear in the return, *and may, for anything that does appear, have been of no moment in the case.* If the defendant considered himself wronged by its reception, he should have appealed. The remedy by certiorari is not one to be *encouraged* when the alleged errors are such as might have been obviated on a trial de novo in the circuit, and nothing will be taken by intendment in favor of errors assigned upon it."

I think this plainly implies that had it appeared that the deposition was of a character which worked an injury to the plaintiff in certiorari, the court would have felt bound to review the ruling.

So in *Erie Preserving Co.* v. *Witherspoon,* 49 Mich. 377, in referring to the rulings on the admission of testimony, it was said:

"We do not discover that any evidence was excluded

which could have aided the defendants, or any received that was clearly improper. It is probable that on some points the case was not very completely made out, but none of the objections taken were such as would necessarily defeat the plaintiff's recovery, though if sustained, some of them might have rendered further proofs essential."

It was with reference to this state of facts that the holding was made, and it was said:

"It is not the policy of the law to encourage a choice of remedies that tends to multiply litigation, and to make judgments depend upon something else than a consideration of the real merits in controversy."

So in *Galloway* v. *Corbitt*, 52 Mich. 460. The error assigned was that the justice had entered the jury room and advised the jury during its deliberations. The court say:

"We have here, from the justice's return, a statement of all that occurred, and in passing upon this question we must take his return as true. We cannot say that it was an error that prejudiced the rights of the defendant."

It will be seen that the court actually dealt with the error assigned while availing itself of the opportunity to again reiterate that a more appropriate remedy would have been an appeal to the circuit court where the case could have been tried and determined upon its merits. The court again expressed its disapprobation—

"Of the practice of taking advantage of technical errors in the proceedings before justices of the peace, by the process of certiorari, thus converting what was designed to be a speedy and inexpensive court for the trial of causes into a costly and dilatory tribunal, and often in its practical operation, through serious delays, defeating the ends of justice; and we are of opinion that except for errors which go to the foundation of the action, the proper remedy is by appeal."

This is not inconsistent with a review of an error which excludes offered testimony which goes to the merits of the case.

In *Morrison* v. *Emsley*, 53 Mich. 564, the court first determined that the writ of certiorari was not served within the time required by statute, and that the circuit court should have dismissed the writ for the reason that the irregularity was sufficient and the case entirely wanting in merits.    It was said:

" The statute contemplates that on a certiorari from a justice the appellate court may do substantial justice on the whole merits.    But this is impossible where the reversal is for the exclusion of testimony which is not of a conclusive character.    And it may easily happen that a reversal in such a case may be had, to a destruction of justice, by loss of remedies, or other circumstances of prejudice.    *While there may not be an absence of jurisdiction to issue a writ in such cases, it is usually a bad practice, and should not be encouraged unless circumstances are exceptional.*    The conditions of the appeal are as readily performed as those of certiorari and the remedy is far more appropriate.

" *In the present case, whatever may be plaintiff's rights, if he really was a minor, there is nothing on the record to indicate that he could insist on them honorably.    The case does not appeal to indulgence.*"

It will be noted that it was only by an indulgence of the court that the case could have been reversed on the ground of the exclusion of testimony in this case, as the plaintiff in certiorari had failed to serve his writ within the time fixed by the statute.

So in the case of *Gray* v. *Willcox*, 56 Mich. 58, the court reviewed at length the rulings of the justice of the peace on the admission of testimony, finding in effect that no prejudicial error had been committed, and after stating that the objections taken by the defendant did not involve the merits of the controversy, and that if they should be held legal and valid they would not determine the rights of the parties in the subject-matter of the suit, but would merely turn the parties over to another action, and that in such case the party who feels aggrieved should resort to appeal instead of certiorari, it was said:

" If, instead of appeal, the party resorts to certiorari,

the law contemplates that all technical omissions, imperfections, or defects in the proceedings before the justice, which do *not affect the merits*, will be disregarded, and judgment will be entered as the right of the matter may appear.   *   *   *

" In this case the circuit court held that there appeared no error affecting the merits of the controversy between the parties either in the record and proceedings or in the giving of judgment, and therefore affirmed the same."

This was by no means holding that the court would not review the rulings in a case if they were such as to affect the merits.

In *Mann* v. *Tyler*, 56 Mich. 564, testimony was given by the defendant on the trial of the case in which he sought to show that the note sued upon was for too large a sum, and that he had made previous payments on account of the transaction which should have been deducted before the note was given.   Testimony is quoted showing that he knew of all the claims he then made before the note was given, and made no answer to the question as to whether the note was given for the balance found due on the purchase of the piano.   The plaintiff then moved to strike out the testimony, which motion was allowed.   It is significant that the court said:

"Had he been trying *the case with a jury*, it would have *been erroneous*, because it would have taken the evidence *entirely away from the jury;* but he was sitting alone, and the evidence was addressed only to him. When he struck it out as immaterial, he merely decided in effect that it had no important bearing in the case, and ought therefore to be disregarded; and if he returns the facts truly, we cannot say he erred.   Presumptively, the note was given for the actual balance due, and defendant did not state facts in his evidence which would overcome this presumption."

The court further said:

"The return as actually made by the justice shows no ground of error on which, in our opinion, we should be warranted in reversing his judgment.   If it is reversed, therefore, it must be either because the circuit court re-

fused to require a further return, or upon the grounds alleged or suggested in the last assignment of error."

But holding that these were not permissible, the court said:

" Certiorari, in cases which stand upon facts, is a remedy not favorable to justice, because it may set aside a righteous judgment upon errors more technical than substantial. *For this reason intendments should be against error on doubtful facts; not in favor of it. The remedy more conducive to justice manifestly is an appeal.*"

This, again, is far from saying that a remedy by certiorari is not open.

In *Stoll* v. *Padley*, 98 Mich. 13, after citing these cases and condemning the practice of resorting to certiorari when appeal is open, the court said:

" Undoubtedly, the party has a right to resort to certiorari, but if he does he must do so at the risk of failing to ' hit the bird in the eye,' and at the risk of losing a trial on the merits in case of such failure."

This certainly does not support the view that certiorari is not a remedy open to the party. It is but another way of asserting again that when certiorari is resorted to, intendments would be in favor of the ruling of the justice.

It appears to be conceded that the case of *Whittle* v. *Bailes*, 65 Mich. 640, is an authority directly in point. That case holds that the exclusion of evidence proper to be considered which goes to the merits of the case may be alleged as ground of error on certiorari. It is suggested in the opinion of Mr. Justice CARPENTER that this opinion was perhaps not well considered, and that *Morrison* v. *Emsley* was overlooked. I think there are abundant reasons why this should not be said: *First*, I have endeavored to point out that *Morrison* v. *Emsley* is not necessarily in conflict with *Whittle* v. *Bailes; second*, Mr. Justice CHAMPLIN, who wrote the opinion in *Whittle* v. *Bailes*, participated in the decision of *Morrison* v.

*Emsley*, as did the other members of the court who signed his opinion; *third*, an examination of the briefs in the case discloses that a distinct point was made that this question ought not to be reviewed on error for the reason that the evidence, had it been received, would not have been indisputably conclusive. And in the brief, *Howell v. Shepard, Erie Preserving Co. v. Witherspoon, Galloway* v. *Corbitt*, and *Morrison* v. *Emsley* (cited as *Morrison* v. *Crezley*, 53 Mich. 564) were all cited, and it is to be presumed were considered by the court.

*Drovers' Nat. Bank* v. *Blue*, 110 Mich. 31, was a case in which the precise question involved was whether there was error in excluding testimony, and this question was reviewed on certiorari. It is true the question of remedy was not discussed, but the exercise of jurisdiction in harmony with the ruling in the earlier cases is clearly some evidence of what the court conceived the proper practice to be.

So in *Eldridge* v. *Hubbell*, 119 Mich. 61, the court again expresses its regret that certiorari is open to review questions which might be raised by appeal. The court say:

"We regret to say that, under the rules early established, a question of this nature may be reviewed by certiorari. [Citing cases.] We say we regret the existence of this rule for the reason that we are convinced that the remedy by appeal is ample in all cases where jurisdiction of the cause is obtained by the justice. We have, in numerous cases, pointed out that appeal is the better remedy. But, in the absence of legislative restriction, we can go no further than to require that, if the aggrieved party resorts to certiorari, he make the error to appear affirmatively and clearly."

Among the cases cited to sustain this holding was *Whittle* v. *Bailes*, 65 Mich. 640. If we could not, except by main strength, deny the existence of the remedy in that case, I cannot understand why we should do it now. It is suggested that it was probably not intended in *Eldridge* v. *Hubbell* to overrule *Morrison* v. *Emsley*,

supra, and the line of cases supporting the principle therein declared. It was certainly not the purpose to overrule those cases, but it was the purpose to construe the previous holdings of the court, a feat which I think was successfully accomplished in *Eldridge* v. *Hubbell.*

In principle, the cases of *Cicotte* v. *Morse*, 8 Mich. 424, *Berry* v. *Lowe*, 10 Mich. 9, *Chicago, etc., R. Co.* v. *Peters,* 45 Mich. 636, and *Bullock* v. *Ueberroth*, 121 Mich. 293, are in point. In each of these cases, a review was had by certiorari of rulings of the justice which might have been remedied by a new trial on appeal. There is no fair distinction between a case in which the plaintiff has wholly failed to make out a case by his testimony and yet secured a judgment, as in *Bullock* v. *Ueberroth*, supra, and one in which the defendant has been prevented from defeating the plaintiff's case by an erroneous ruling of the justice and the plaintiff *thus* obtains a judgment, as in the present case. The real question is whether there is a legal right to review by certiorari a ruling of the justice which might more appropriately be considered, perhaps, by an appeal on the merits of the case. That the practice has obtained through all the court's history of reviewing such rulings, subject only to the limitation that the burden is put upon the plaintiff in certiorari to make the error *appear clearly*, and that nothing will be taken in his favor *by intendment*, I think I have demonstrated.

Hooker and Moore, JJ., concurred with Montgomery, J.