## KROHN v. WAYNE CIRCUIT JUDGE.

MANDAMUS—AMENDMENTS—DISCRETIONARY ORDERS.

A denial of a motion to amend the plea of the general issue, after appeal to the circuit from the justice's court, is a reasonable exercise of the court's discretion, in view of the refusal of relator's attorney to produce in open court the relator whose affidavit constituted a part of the showing upon such motion.

Petition by Henry Krohn for a writ of mandamus to compel George S. Hosmer, circuit judge of Wayne county, to set aside an order denying leave to amend a plea. Submitted March 30, 1909. (Calendar No. 23,447½.) Order to show cause denied June 7, 1909.

*Sloman & Sloman,* for relator.

McALVAY, J. This court is asked for a writ of mandamus to require respondent to set aside an order denying leave to amend a plea of the general issue by adding a certain notice. The case arose in justice's court, and was

tried on a plea of the general issue. The plaintiff sued relator and two others jointly to recover for professional services claimed to have been rendered to them. It was tried before a jury, and he recovered against the other defendants, and a judgment of no cause of action was rendered in favor of this defendant. Plaintiff appealed, and the motion in question was made. It was heard twice by respondent. On the first hearing it was denied, because the defense offered was not material or connected with the issue. Respondent suggested and granted a renewal of the motion. On the second hearing this motion was supported by affidavits of the justice and relator's attorney. Respondent again stated in substance that the defense offered was not material or competent, and, as appears from the petition, gave his reasons at length.

Plaintiff was a member of the bar, and the notice hinted at unprofessional conduct on his part in certain matters. The court stated that the affidavits were unsatisfactory, containing conclusions of fact from which he was unable to determine whether the amendment was necessary or proper. He asked for the production of relator, and to hear the evidence relied upon. Relator's attorney refused to produce his client, and asked for time to procure his affidavit. Further time was not granted, and the motion was denied. In denying this motion respondent was exercising his judicial discretion. Relator was at the time before the court as a matter of grace, and made a showing held by the court not to be sufficient. Under the circumstances of the case, the court, desiring to have facts and not conclusions submitted, in order to determine whether the amendment was necessary and proper, asked for the production of relator. The attorney refused to produce him, and asked for further delay to get his affidavit. Relator had already been given ample opportunity to make all the showing he desired, and had been treated with fairness. The action of the court in refusing further time and in denying the motion to amend was

within the discretion of the court, which this court thinks was reasonably exercised.    See *Boatz* v. *Berg*, 51 Mich. 8 (16 N. W. 184).

The order to show cause will be denied.

BLAIR, C. J., and GRANT, MONTGOMERY, and BROOKE, JJ., concurred.